Grover John MORAN, III.,
Petitioner-Appellant,

v.

Frank BLACKBURN, Warden,
Louisiana State Penitentiary,
Respondent-Appellee.

No. 85–3083
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 1986.

Rehearing Denied Feb. 26, 1986.

Charles J. Yeager, Arlington, Mass., for petitioner-appellant.

Tom W. Thornhill, Asst. Dist. Atty., Slidell, La., for respondent-appellee.

Before CLARK, Chief Judge, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

CLARK, Chief Judge:

Appellant Grover Moran challenges the district court's dismissal of his petition for habeas corpus relief. Because the record supports the district judge's finding that Moran's confession was voluntary, we affirm.

Moran was arrested on March 31, 1977, and charged with multiple counts of crime against nature. His attorney retained a psychiatrist, Dr. Malcolm Latour, to examine him. The attorney instructed Moran to cooperate with Dr. Latour, but not to speak to anyone else.

After Dr. Latour's examination on April 8, two agents of the Federal Bureau of Investigation (F.B.I.) questioned Moran about a murder unrelated to the charges on which he was arrested. The agents first advised Moran of his *Miranda* rights, both orally and on a written form which he read and signed. Moran "broke" and confessed to the murder an hour into the interview after the agents told him that the victim's

son blamed his father for his mother's death.

Local police officers advised Moran of his *Miranda* rights and interviewed him the next day. Moran agreed to show the officers where he disposed of the murder weapon and the victim's clothes. Extensive searches for these items proved fruitless. At the end of the day, Moran signed a written statement detailing the facts he had revealed to the F.B.I. agents the day before.

Moran repudiated this confession at his subsequent suppression hearing and trial. He testified that he talked to the F.B.I. agents despite his attorney's warning because he was afraid, confused, and didn't know what to do. He also stated that he confessed in order to get out of the interview and away from the agents. Dr. Latour testified at both proceedings that Moran did not have the mental capacity to understand the *Miranda* rights nor to voluntarily waive them. A jury convicted Moran of first degree murder and he was sentenced to life imprisonment.

After exhausting state avenues for relief, Moran filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Louisiana. The district judge summarily denied his petition. This court reversed and remanded for an evidentiary hearing on the issue of whether Moran's confession was voluntary. This hearing was held on July 6, 1984.

Dr. Latour's deposition was admitted into evidence at the hearing. Dr. Latour testified that his examination revealed that Moran's intelligence was below normal, although Moran was not mentally retarded. Dr. Latour stated that Moran was gaunt, tremulous, submissive, and suffering from great anguish or pain on the day of the examination and F.B.I. interrogation. Dr. Latour diagnosed Moran's condition as severe prepsychotic depression. He concluded that at the time of Moran's interrogation and confession, Moran knew the difference between right and wrong, but did not have mental capacity to understand and intelligently waive constitutional rights or the normal mental defensive mechanisms necessary for a voluntary confession in an interrogative setting.

Dr. David Shraberg, whom the magistrate recognized as qualified to testify in the field of forensic psychiatry, testified on the basis of his review of Moran's medical records, Moran's statement, and transcripts of prior proceedings in the case. Dr. Shraberg never personally examined Moran. Dr. Shraberg testified that Moran was legally sane and competent at the time of his confession, that Moran was probably suffering from a great deal of guilt and a need to confess rather than an incapacitating mental defect or illness at that time, and that this emotional distress would not have impaired Moran's capacity to rationally waive his rights or freely confess.

The magistrate found the testimony of Dr. Shraberg to be the more credible, and recommended dismissal of Moran's petition with prejudice. The district court adopted the magistrate's findings of fact and conclusions of law, and dismissed the petition.

On review of a federal criminal conviction, we apply the clearly erroneous standard to a federal district court's determination that a petitioner's confession was voluntary. *United States v. Gorel,* 622 F.2d 100, 104–05 (5th Cir.1979), *cert. denied,* 445 U.S. 943, 100 S.Ct. 1340, 63 L.Ed.2d 777 (1980); *United States v. Watson,* 591 F.2d 1058, 1961 (5th Cir.), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2414, 60 L.Ed.2d 1070 (1979); *United States v. Kelly,* 556 F.2d 257, 260 (5th Cir.1977), *cert. denied,* 434 U.S. 1017, 98 S.Ct. 737, 54 L.Ed.2d 763 (1978); *United States v. Vasquez,* 534 F.2d 1142, 1146 (5th Cir.), *cert. denied,* 429 U.S. 979, 97 S.Ct. 489, 50 L.Ed.2d 587 (1976). A state court finding of voluntariness, however, requires an independent federal determination of that issue. In *Miller v. Fenton,* —— U.S. ——, ——–——, 106 S.Ct. 445, 449–53, 88 L.Ed.2d 405 (1985), *reversing and remanding* 741 F.2d 1456 (3d Cir.1984), the Supreme Court refused to apply the presumption of correctness provided for in 28

U.S.C. § 2254(d) to state court determinations of voluntariness. Rather, the Court held "that the ultimate question of the admissibility of a confession merits treatment as a legal inquiry requiring plenary federal review." *Id.* at —, 106 S.Ct. at 452. The petitioner in this case was convicted in state court. In the present federal habeas corpus proceeding, a magistrate first made the determination that his confession was voluntary after an evidentiary hearing ordered by this court, and the district judge then adopted that determination. Since here a federal court, after an evidentiary hearing, has determined to uphold a state court's finding of voluntariness, our appellate task is to review a federal determination of voluntariness, not such a court's decision to apply the § 2254(d) presumption of correctness.*

■ In addition, the magistrate and the district judge determined that Moran's confession was voluntary because the magistrate found Dr. Shraberg's testimony more credible than Dr. Latour's. A factual issue which is dispositive of a constitutional question upon resolution is subject to review under the normal standard of review for other factual determinations. *Miller,* — U.S. at —, 106 S.Ct. at 452 (citing *Dayton Bd. of Educ. v. Brinkman,* 443 U.S. 526, 534, 99 S.Ct. 2971, 2977, 61 L.Ed.2d 720 (1979)). A magistrate's or district judge's decision to credit the testimony of one witness over the contrary testimony of another is thus subject to review under the clearly erroneous standard. *United States v. Pozos,* 697 F.2d 1238, 1243 (5th Cir.1983) ("The credibility choices of the district court, based on live testimony at a suppression hearing, are subject to the normal 'clearly erroneous' standard of review." (citations omitted)); *see also Miller,* — U.S. at —, 106 S.Ct. at 451 (deference to the trial court's determination

is appropriate when the issue concerns the credibility of witnesses).

■ The record here provides ample support for the magistrate's decision to rely on Dr. Shraberg's testimony rather than Dr. Latour's. Both the F.B.I. agents and the local police advised Moran of his rights before questioning him. Moran indicated to Dr. Latour on the same day as his confession that he understood he was to cooperate with the doctor, but not to speak to anyone else. Dr. Latour stated in his deposition that Moran knew the difference between right and wrong and was in touch with reality on that day, yet concluded that Moran could not confess voluntarily because of emotional vulnerability due to severe depression.

Dr. Shraberg attributed that willingness to confess to natural feelings of guilt rather than mental illness or emotional vulnerability. He explained that Moran's confession and subsequent repudiation fit the psychopathic personality which often confesses when caught and then feels discharged. He noted that Dr. Latour's report contained personal, subjective opinions and terms which did not support a professional diagnosis of clinical depression so severe as to render Moran incapable of defending himself or being aware of his rights.

The record does not suggest that Moran was mistreated, held incommunicado, jailed for a substantial period of time, subjected to prolonged questioning, or denied access to his retained attorney before questioning. The appeal of the F.B.I. agents to Moran's empathy and emotions was not an unacceptable interrogation tactic.

Moran has shown only that at the time he confessed he was of low intelligence, was feeling depressed, and was disturbed by some of the questions and statements of his interrogators. He has not shown that

---

* We do not decide today whether we would apply the same standard in reviewing a federal habeas court's decision to overturn a state court's determination of voluntariness. We leave to another day the decision whether, in such a case, *Miller v. Fenton's* balancing of federalism, comity, and due process concerns might lead this court to make its own independent determination of voluntariness without extending any presumption of correctness to the conclusions of the state court.

his will was usurped by them. The magistrate was entitled to conclude that Moran was not so lacking in his capacity to resist self-incrimination that his confession should be deemed involuntary. His finding that Dr. Shraberg's testimony was more credible than Dr. Latour's is not clearly erroneous. Moran has thus failed to establish that his confession was involuntary.

The judgment appealed from is

AFFIRMED.