IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30468
(Summary Calendar)
_____

CLYDE D. RICHARD,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-784)
--------------------
January 17, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Clyde D. Richard appeals the district court's denial of his 28 U.S.C. § 2254 application. That court granted a certificate of appealability (COA) to Richard on the issue whether his counsel was ineffective by allegedly failing to (1) adequately communicate with Richard; (2) provide Richard with copies of police reports that were in counsel's possession; (3) conduct a timely and adequate investigation; and, generally, (4) present an adequate defense.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Richard argues that the district court erred when it applied the subjective "unreasonable application" standard enunciated in Drinkard v. Johnson, 97 F.3d 751, 755 (5th Cir. 1996), which was invalidated by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000). Richard is correct in noting that we have recognized that Williams requires an objective analysis of whether a state court decision involves an unreasonable application of clearly established federal law. See Moore v. Johnson, 225 F.3d 495, 500-01 n.1 (5th Cir. 2000). He also notes correctly that the district court's determination of counsel's effectiveness should be reviewed by this court de novo, and that the district court's factual findings should be reviewed for clear error. And he is again correct that the state court's factual findings should not be afforded the presumption of correctness under § 2254(e), although not for the reasons advanced by Richard. We proceed accordingly.

Several of Richard's claims and the facts supporting them, as they were developed in his federal habeas proceeding, were not raised in the state court proceedings, so the state court thus had no opportunity to address them. Richard only briefly mentioned the beard issue in the state court, with no supporting facts, and he did not mention the Owens alibi issue at all. Neither did he allege that counsel had failed to discuss the case with him sufficiently nor that counsel had failed to show him the police reports. Thus, the state court's adjudication was not "on the merits" of the claims as they have been presented and developed by Richard in federal court. Consequently, the standards of § 2254(d)

2

do not apply. Miller v. Johnson, 200 F.3d 274, 281 (5th Cir. 2000) ("section 2254(d) applies only to issues that have been adjudicated on the merits in state court."). The district court's factual findings are reviewed for clear error, and its legal conclusions are reviewed de novo. Burdine v. Johnson, 231 F.3d 950, 953 (5th Cir. 2000)(pre-AEDPA case).

Richard argues that trial counsel was ineffective for failing to communicate with him adequately. He contends that the district court's ruling does not address any part of his claim that counsel met with him only one time prior to trial. He argues that this failure to communicate resulted in trial counsel's formulating a weak alibi theory that placed Richard at work for the entire day without ever leaving.

Richard's position that the district court failed to address this claim is erroneous. Assuming Richard's trial testimony to be true, the district court specifically found that Richard told his attorney that he was at work at the time immediately preceding the robbery. "Richard's attorney apparently accepted his client's version of the events on the day in question and the version of events given by the alibi witnesses. A decision not to investigate further was reasonable under the circumstances." The district court found that trial counsel's strategic decision to present this alibi defense was reasonable and that counsel did not perform unreasonably in failing to anticipate that his client had not been truthful with him. The district court's conclusion that counsel was not ineffective in this respect is based on a finding that

3

Richard was not completely truthful with his attorney about Richard's activities on the day of the robbery, not that counsel was ineffective for failing to communicate adequately, hence the conclusion that "the problem here would seem to be in the facts and not in the representation." The district court's finding, based on a credibility decision, is not clearly erroneous. See Moran v. Blackburn, 781 F.2d 444, 445 (5th Cir. 1986) (district court's credibility decision after a federal habeas evidentiary hearing is subject to review under the clearly erroneous standard.).

Richard argues that because of counsel's failure to show him the police reports, he was not aware that his facial hair was such an important issue, and that he did not learn of its importance until he received a copy of the police reports for the first time during his post-conviction proceedings while at Angola. Richard contends that had he known, he may have been able to alert counsel to the existence of the photograph taken of him with a full beard 13 days after the robbery. Richard attempts to downplay the fact that he was present in the courtroom when numerous witnesses testified that he had no beard. He takes issue with the district court's finding that the inconsistencies in the various descriptions of his facial hair seemed insignificant. He argues that counsel "drummed up" an alibi defense with no investigation of the identity issue.

The district court found that the inconsistencies in the various witnesses' descriptions of the exact amount of facial hair Richard had seemed generally insignificant. The court stated that

4

in the face of an unhesitating identification by the victim, it was plausible that the attorney could have chosen not to question the inconsistencies in the descriptions. The district court noted that the "striking similarity between Richard's appearance and the victim's description [was] demonstrated by the fact that Sparks teased Richard about the similarity between his appearance and the description in the newspaper." The court stated that it was apparently counsel's strategy to rely on the alibi corroborated by Richard's co-workers.

Richard's testimony at the evidentiary hearing on whether he was aware of the importance of the facial hair issue is contradictory. He alternates between testimony that (1) he did not realize the importance of the beard issue, and (2) he told counsel that he had always worn a beard and which witnesses could confirm that fact. It is also important to note that although Richard testified that he realized the importance of this issue when he received copies of the police reports during his post-conviction proceedings, he mentioned this issue only in passing in his 1992 state post-conviction application, and that it was not until 1996 and 1997 he procured affidavits from the alleged witnesses in Cleveland who could testify about his beard.

The district court's finding that the alleged inconsistencies in the witnesses' testimonies about the exact amount of Richard's facial hair were insignificant is not clearly erroneous. See Jones v. Cain, 227 F.3d 228, 230-31 and n.9 (5th Cir. 2000) (discrepancy between description of perpetrator as 5'10" tall and with no scars,

5

and defendant's description of himself as 5'6" with two facial scars approached inanity). As the district court correctly concluded, in the face of the testimony by Sparks that he teased Richard about the striking similarity between Richard's appearance and the victim's description in the newspaper, and the victim's unhesitating identification, it was a plausible strategy for trial counsel to focus on the alibi defense rather than any minor discrepancies in the description.

Richard further argues that trial counsel failed to conduct an adequate investigation, urging that a more thorough investigation would have revealed the fact that Richard stuttered. He contends that counsel failed to investigate and discover the best available alibi witness, Lucious Owens. He argues that inadequate investigation led counsel to use weak and damaging alibi testimony; that he has always claimed an alibi in Owens; that the district court ignored Owens's full testimony; and that its findings are clearly erroneous.

Assuming Richard's trial testimony to be true, the district court noted that Richard told his attorney that he was at work at the time immediately prior to the robbery. "Richard's attorney apparently accepted his client's version of the events on the day in question and the version of events given by the alibi witnesses. A decision not to investigate further was reasonable under the circumstances." The district court found that trial counsel's strategic decision to present this alibi defense was reasonable, that counsel did not perform unreasonably in failing to anticipate

6

that his client had not been truthful with him, and that there was no reason to believe that there could be another alibi in Lucious Owens in light of Richard's representations. "It would also appear that the defendant is now trying, years after the fact, to put together a new alibi which he failed to bring forth initially and which is contrary to his original statements to counsel and to the jury."

Richard never mentioned Owens's alleged alibi testimony in his state post-conviction application. By Richard's own testimony, Ballard dropped him off at a fish market, then another friend picked him up and took him to Owens's house. If Richard was with Sparks and Ballard at 7:00 p.m., he would have arrived at Owens's house significantly later than the time needed to establish an alibi for the time of the robbery. Owens's deposition testimony put Richard at his house between 6:00 and 7:00 p.m., which contradicts the trial testimony. Owens testified in his deposition about Richard's selling him an air tank, a fact that Richard never testified to at trial. If the jury rejected the alibi testimony of Sparks and Ballard that Richard was with them at the exact time of the robbery, why would Owens's testimony to the effect that Richard came to his house some time later (assuming that he would have testified at trial consistently with Richard's testimony) impress the jury as being any more believable?

Regarding the stutter defense, counsel testified in his deposition that he had known Richard for quite some time, knew that he stuttered a little bit but had never known Richard's speech to

be that much of a problem, and knew that Richard had always spoken straight with him. The best evidence of Richard's stutter would be during his own testimony at trial. The jury could determine for itself if Richard stuttered so badly that the victim should have mentioned it in her description. Counsel cannot be considered ineffective for failing to investigate and call witnesses to testify about the stutter.

Richard further argues that the district court ignored the fact that counsel committed a very serious error in opening the door to Richard's misdemeanor record. Richard is correct that the district court failed to address the issue of the admission of the misdemeanor convictions after Johnson opened the door. The magistrate judge's second report also fails to address this issue. Richard never objected to the magistrate judge's report and in fact urged the district court to adopt it. Richard's application for a certificate of appealability did not request a COA on this issue, and the district court's grant of a COA did not include it. Thus, we do not have jurisdiction to consider this issue for which a COA was not granted. See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998)(lack of a ruling on a COA in the district court on an issue causes this court to be without jurisdiction to consider it).

Richard has not demonstrated deficient performance or prejudice. Strickland v. Washington, 466 U.S. 668, 687-94 (1984). The two claims to which he attributes the most importance, one grounded in the question of the beard and the other in Owens's

8

alibi, appear to be defenses of recent fabrication.  The district court's denial of habeas relief is AFFIRMED.