**Revised February 24, 2000**

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 98-50410**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**STEVEN LEE THOMAS, III,**

**Defendant-Appellant.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**No. 98-50411**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**HASHIM ESTEBAN THOMAS, also known as Joker,**

**Defendant-Appellant.**

Appeals from the United States District Court
for the Western District of Texas

February 4, 2000

Before KING, Chief Judge, and DUHÉ and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Federal prisoners Steven Lee Thomas and Hashim Esteban Thomas appeal the district court's order dismissing their 28 U.S.C. § 2255 motions as untimely filed. We affirm the district court's determination that the Thomases' § 2255 motions were untimely, although for reasons different than those articulated by the district court.

## I.

In 1995, brothers Steven and Hashim Thomas were convicted on federal charges arising from their robbery of the Normangee State Bank in Normangee, Texas. Their convictions were affirmed on direct appeal, and this Court issued final mandates with respect to both appeals in July 1996. The Thomases then filed petitions for writ of certiorari with the Supreme Court, which were denied on November 12, 1996. One year and three days later, on November 14, 1997, the Thomases filed their § 2255 motions for collateral relief in the district court. Neither the facts relating to the Thomases' well-planned robbery nor the substance of their § 2255 claim are relevant to this appeal. Rather, the only issue for review is whether the Thomases' § 2255 motions seeking collateral review of and relief from their criminal sentences were barred by limitations. The Thomases filed their § 2255 motions after the effective date of AEDPA. The motions are therefore controlled by

2

the provisions of that statute. *See* **Lindh v. Murphy**, 117 S. Ct. 2059 (1997). Title 28 U.S.C. § 2255 provides that a one year period of limitations is applicable to § 2255 motions. That one year limitation period typically begins to run "on the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1).[1] Section 2255(1) does not, however, define when a judgment of conviction becomes "final" for purposes of the limitation period. That issue is currently the subject of some disagreement among our sister circuit courts, *see* **Adams v. United States**, 173 F.3d 1339, 1342 (11th Cir. 1999) (marshaling the competing authorities); *see also* **United States v. Gurrusquieta**, Nos. 3-97-CR-0158-P-19, 3-99-CV-0993-P, 1999 WL 1080914 (N.D. Tex. Nov. 29, 1999), and has not been definitively decided by this Court, *see* **United States v. Flores**, 135 F.3d 1000, 1006 n.20 (5th Cir. 1998).

The primary issue for decision is whether a federal criminal conviction becomes final for purposes of § 2255(1) when a final judgment issues from the highest court to hear the case on direct appeal, or instead, when the time for seeking further direct review expires. *See* **id**. The district court opted in favor of the first

---

[1] The date upon which the limitation period begins to run may be extended beyond the date upon which the conviction becomes final when certain circumstances have impeded the movants' ability to file a timely § 2255 motion. *See* 28 U.S.C. § 2255(2)-(4). None of the alternative start dates is alleged to be applicable in this case.

3

alternative, holding that the Thomases' convictions became final and the limitation period began to run in July 1996, when this Court issued final mandates on direct appeal. Given that the Thomases did not file their § 2255 motions until November 1997, more than one year later, the district court held that their § 2255 motions were barred by limitations. We granted a certificate of appealability, limited to the narrow issue of when a federal criminal conviction becomes final for purposes of 28 U.S.C. § 2255(1) when the movant has requested and has been denied a writ of certiorari from the Supreme Court. This is a question of first impression in this Circuit.

## II.

The issue of when a federal conviction becomes "final" for § 2255(1) purposes has been addressed to a varying degree by the Third, Tenth, Fourth, and Seventh Circuits.[2] The Third and Tenth Circuits adhere to the view that direct review concludes and a conviction becomes final when a criminal defendant's options for further direct review are foreclosed, rather than when the highest court to consider the case issues its judgment. Thus, those Courts hold that the conviction becomes final: (1) when the ninety day

---

[2] In addition, the Eleventh Circuit recently issued an opinion documenting the relevant authorities, but avoiding any decision on the issue as unnecessary to the case at hand. *See* *Adams v. United States*, 173 F.3d 1339, 1342-43 (11th Cir. 1999).

period for filing a petition for writ of certiorari expires if the defendant does not seek a writ of certiorari from the Supreme Court, *see* SUP. CT. R. 13, (2) when the Supreme Court denies the petition for writ of certiorari if such a petition is filed and denied, or (3) when the Supreme Court issues a decision on the merits, if the petition for writ of certiorari is granted and the case proceeds to decision. *See, e.g.,* **Rhine v. Boone**, 182 F.3d 1153, 1155 (10th Cir. 1999), *cert. denied*, __ S. Ct. __, No. 99-6598, 2000 WL 12398 (U.S. Jan 10, 2000); **United States v. Kapral**, 166 F.3d 565, 577 (3d Cir. 1998); **United States v. Williamson**, No. 99-3120, 1999 WL 1083750, at *1 n.1 (10th Cir. Dec. 2, 1999) (unpublished); *see also* **United States v. Miller**, 197 F.3d 644, 652 n.9 (3d Cir. 1999) (applying rule announced in **Kapral**); **United States v. Lacey**, No. 99-3030, 1998 WL 777067, at *1 (10th Cir. Oct. 27, 1998) (unpublished) (quoting **Griffith v. Kentucky**, 107 S. Ct. 708, 712 n.6 (1987), for the proposition that a federal conviction becomes final when "`the availability of appeal has been exhausted, and the time for filing a petition for certiorari elapsed or a petition for certiorari [has been] finally denied'"); **United States v. Simmonds**, 111 F.3d 737, 744 (10th Cir. 1997) (stating that a federal conviction becomes final when the Supreme Court denies certiorari in the context of an analysis of the retroactivity of § 2255). The Fourth Circuit has likewise followed the rule that a federal criminal conviction does not become final for purposes of

§ 2255(1) until the options for further direct review are exhausted or the time for pursuing further direct review has expired in its unpublished dispositions, *see, e.g.*, **United States v. Groves**, No. 98-6635, 1999 WL 515445 at *2 n.* (4th Cir. July 21, 1999) (unpublished) (collecting cases), although that court has left the issue open for further decision in published decisions, *see **Davis v. Scott***, 176 F.3d 805, 808 n.* (4th Cir. 1999).

The Seventh Circuit has adopted a slightly different view, holding that, at least in a case in which the criminal defendant does not seek further review, a criminal conviction becomes final when the highest court to consider the case issues its decision, rather than when the time period for seeking further review has expired. *See **Gendron v. United States***, 154 F.3d 672, 674 (7th Cir. 1998), *cert. denied sub nom.*, **Ahitow v. Glass**, 119 S. Ct. 1758 (1999). The district court's holding that the Thomases' convictions became final for purposes of § 2255(1) once this Court issued final mandates in July 1996 relies heavily upon the reasoning and result in **Gendron**. For the reasons that follow, we believe this reliance was misplaced.

The Seventh Circuit's holding in **Gendron** is tied to the textual difference between § 2244(d)(1), which is applicable to collateral review of state court decisions, and § 2255(1), which is applicable to collateral review of federal court convictions. Section 2244(d)(1) also provides for a one year limitation period.

6

*See* 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides, however, that the one year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." *Id.* Section 2255(1), on the other hand, provides merely that the limitation period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). The Seventh Circuit reasoned that the congressional decision to include the additional phrase providing that a conviction becomes final upon "the conclusion of direct review or the expiration of time for seeking such review" in § 2244(d)(1), while excluding that phrase from § 2255(1), must be assigned some meaning. *See Gendron*, 154 F.3d at 674. The Seventh Circuit noted that § 2244(d)(1) expressly forestalls the limitation period by providing the petitioner time in which to decide whether to seek further review. *See id.* at 674. That additional time period is extended without regard to whether the petitioner actually uses the opportunity to seek further available review. *Id.* Section 2255, on the other hand, does not expressly provide for that additional time period. *Id.* Thus, the Seventh Circuit concluded that Congress must have intended for the limitation period for "federal prisoners who decide not to seek certiorari with the Supreme Court" to run from the date of the appellate court's mandate on direct appeal. *Id.*

The Third Circuit rejected the textual argument underlying the

7

Seventh Circuit's decision in *Gendron* in *United States v. Kapral*, 166 F.3d 565 (3d Cir. 1998). In *Kapral*, the district court relied upon the textual differences between § 2244(d)(1) and § 2255(1) to support its holding that § 2255(1)'s limitation period begins to run once the appellate mandate is issued on direct appeal. *Kapral*, 166 F.3d at 573-75. The Third Circuit disagreed, concluding that long-standing principles of finality in the collateral review context outweigh any inference that could be drawn from the textual difference. *Id*. at 570-77. The Third Circuit also faulted the Seventh Circuit and the district court in that case for not taking a third AEDPA limitation provision into account when trying to divine what Congress intended in § 2255(1). The Third Circuit quoted the limitation period applicable under Chapter 154 of AEDPA to certain petitions for collateral review of state court convictions involving the death penalty. That provision, which is codified at 28 U.S.C. § 2263 provides, in relevant part, that a habeas petition must be filed within 180 days "after final State court affirmance of the conviction and sentence on direct review or the expiration of the time for seeking such review." *Id*. at § 2263(a). The Third Circuit reasoned that "Congress' use of `State court' to modify the well-settled meaning of direct review (which includes the right to seek review in the Supreme Court), provides strong support for the conclusion that the limitations periods under § 2244 and § 2255 -- which lack an analogous modifier

8

-- run from the conclusion of Supreme Court review." *Id*. at 576. The Third Circuit also noted that both §§ 2244 and 2255 explicitly tie the applicable limitations period to the "finality" of a conviction, rather than an "affirmance" of that conviction, as does § 2263. *Id*. The Third Circuit also observed that § 2263 provides that the limitations period is "tolled" by the filing of a petition for writ of certiorari. *See* 28 U.S.C. § 2263(b)(1). Tolling is necessary under that section because the limitation period starts to run before the time period for Supreme Court certiorari review begins. *Kapral*, 166 F.3d at 576. The Third Circuit reasoned that the absence of any analogous tolling provision for Supreme Court review in either § 2244 or § 2255 strongly suggests that Congress intended for the limitation provisions contained therein to begin after the time for certiorari review expired. *Id*. at 577.

The Third Circuit's elaborated review of AEDPA's limitation provisions is persuasive. We agree that the mere omission of the phrase "by the conclusion of direct review or the expiration of time for seeking such review" in § 2255 cannot be reliably invoked for the proposition that Congress intended to disrupt settled precedent by requiring that a criminal defendant pursue collateral relief before the time for seeking direct review expires and during a time period in which he or she may still rightfully be considering the wisdom of further direct review. Indeed, such a rule would be inconsistent with well-settled principles of finality

9

in the collateral review context. "Collateral attack is generally inappropriate if the possibility of further direct review remains open." *See* **Kapral**, 166 F.3d at 570; *see also* **Feldman v. Henman**, 815 F.2d 1318, 1320-21 (9th Cir. 1987). Such a rule would also be inconsistent with analogous Supreme Court precedent. *See* **Griffith v. Kentucky**, 107 S. Ct. 708, 712 n.6 (1987) (federal conviction becomes final when a "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied"). To date, no other circuit has adopted **Gendron**'s competing view that § 2255's limitation period begins to run when the appellate mandate issues if the defendant does not seek a petition for certiorari.

More importantly, even if we were persuaded that the rationale in **Gendron** should be extended, **Gendron** does not set forth a competing rule for those situations where, as here, the movant filed a petition for writ of certiorari. The movant in **Gendron** did not file any petition for writ of certiorari with the Supreme Court. *See* **Gendron**, 154 F.3d at 673. Moreover, the Seventh Circuit's holding that the one year limitation period in § 2255(1) begins to run when the appellate mandate issues is expressly limited to cases in which the movant did not file a petition for writ of certiorari. *See* **id**. at 674 (the limitation period for "federal prisoners who decide not to seek certiorari with the Supreme Court" runs from the date of the appellate court's mandate

10

on direct appeal).

The district court did not cite any authority supporting its decision to extend the rationale in *Gendron* to this case, in which the movants did seek and were denied a writ of certiorari to the Supreme Court. Certainly, none of the federal circuits to have addressed the issue have gone so far, and some courts have directly rejected that approach. *See, e.g.*, *Stead v. United States*, 67 F. Supp.2d 1064, 1072 (D.S.D. 1999); *Carracedo v. Artuz*, 51 F. Supp.2d 283, 284 (S.D.N.Y. 1999) (collecting cases); *see also Kapral*, 166 F.3d at 577.

In sum, there is a circuit conflict with respect to when a federal criminal conviction becomes final for purposes of § 2255 if the defendant does not seek a petition for writ of certiorari from the judgment of the appellate court. *Compare Kapral*, 166 F.3d at 577 (when a federal criminal defendant does not file a petition for writ of certiorari with the Supreme Court, a federal conviction becomes final for § 2255(1) purposes when "the defendant's time for filing a timely petition for certiorari review expires"), *with Gendron*, 154 F.3d at 674 (when a federal criminal defendant does not file a petition for writ of certiorari with the Supreme Court, a federal conviction becomes final for § 2255(1) purposes when the appellate court issues the mandate on direct criminal appeal). The authority is consistent, however, with respect to the date on which § 2255's limitation period begins to run when the defendant does

11

seek such a review. Those circuits squarely addressing the issue have held that the time period begins to run when a petition for certiorari is denied by the Supreme Court or when the Supreme Court issues a decision on the merits. We are persuaded by that approach and hold that the Thomases' convictions became final on the date upon which the Supreme Court denied their petitions for writ of certiorari on November 12, 1996. Because the Thomases' motions were not filed until November 14, 1996, more than one year after that date, their § 2255 motions were untimely and were properly dismissed by the district court.

## III.

The Thomases offer two arguments for extending the start date of the one year period of limitations beyond the date upon which the Supreme Court denied their petitions for writ of certiorari. The Thomases first argue that their convictions became final, at the earliest, when the Fifth Circuit received notice from the Supreme Court that the Thomases' petitions for writ of certiorari were denied. The parties agree that that notice was received by this Court on November 15, 1996. Thus, the Thomases maintain that their § 2255 motions, filed exactly one year later on November 14, 1997, were timely.

The Thomases support this argument with citation to Supreme Court Rule 45.3, which provides in pertinent part:

12

> In a case on review from any court of the United States, as defined by 28 U.S.C. § 451, a formal mandate does not issue unless specifically directed; instead, the Clerk of this Court will send the clerk of the lower court a copy of the opinion or order of this Court and a certified copy of the judgment. The certified copy of the judgment, prepared, and signed by this Court's Clerk, will provide for costs if any are awarded.

SUP. CT. R. 45.3. The Thomases argue, based upon the text of this rule, that the Supreme Court's decision denying certiorari is not final until the certification of that decision is received by the appellate court.

We disagree. The provisions of Supreme Court Rule 45.3 refer to the mandate and judgment that issues after a Supreme Court decision on the merits. The denial of certiorari review is governed by Supreme Court Rule 16.3, which provides:

> Whenever the Court denies a petition for writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.

SUP. CT. R. 16.3. Thus, notice of an order denying a petition for writ of certiorari is sent directly to the parties. Moreover, an order denying a petition for writ of certiorari is effective immediately upon issuance, absent extraordinary intervention by the Supreme Court or a Justice of the Supreme Court. For these reasons, we conclude that there is no justification or authority for delaying the one year period of limitations until the appellate

13

court receives notice that the Supreme Court has denied a criminal defendant's petition for writ of certiorari. *See* ***Adams v. United States***, 173 F.3d 1339, 1342-43 (11th Cir. 1999) (rejecting the argument that the one year limitation period in § 2255(1) does not begin to run until after the lower court receives notice that a defendant's petition for writ of certiorari has been denied).

Alternatively, the Thomases argue that their convictions did not become final until the twenty-five day period allotted for the filing of a petition for rehearing of the Supreme Court's denial of certiorari review expired. *See* SUP. CT. R. 44.2. We reject this argument for similar reasons. The plain text of Supreme Court Rule 16.3 provides that an order denying certiorari review takes legal effect and is not suspended pending any application for rehearing.

## CONCLUSION

For the foregoing reasons, we hold that, when a federal criminal defendant files a timely petition for writ of certiorari review on direct appeal and that petition is subsequently denied by the Supreme Court, the federal judgment of conviction becomes final for purposes of the one year limitation period set forth in § 2255(1) on the date that the Supreme Court denies the defendant's petition for writ of certiorari on direct review. The Supreme Court denied the Thomases' petitions for writ of certiorari in this case on November 12, 1996. The Thomases did not file their § 2255

14

motions until November 14, 1997, more than one year later.  Their motions were therefore untimely and barred by the applicable limitation period.

Accordingly, the district court's decision dismissing the Thomases' § 2255 motions for collateral relief from their federal sentences is AFFIRMED.