**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 98-50920**
**Summary Calendar**

---

**UNITED STATES OF AMERICA,**

                **Plaintiff-Appellee,**

**v.**

**CHAVOR ANTWAN GAMBLE,**

                **Defendant-Appellant,**

---

**Appeal from the United States District Court for the**
**Western District of Texas**

---

April 18, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:

The question in this appeal is whether appellant's habeas petition was timely filed under 28 U.S.C. § 2255, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2255 bars any petition filed, on behalf of a federal prisoner more than one year after the final judgment of conviction, but it does not define when a judgment becomes final. Following decisions of this Court and other circuits, we hold that the conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where, as here, the appellant has not actually filed such a petition.

1

Gamble's direct appeal to this court of his conviction for crack cocaine possession was dismissed on September 10, 1996, for failure to pay the docketing fee or to seek in forma pauperis status. His pro se § 2255 motion was filed in the district court on December 4, 1997. The district court dismissed the petition, rejecting Gamble's argument that his conviction was not "final" for AEDPA limitations purposes until the time for filing a petition for certiorari expired. Gamble has appealed.

The district court's interpretation of § 2255 finds support in a Seventh Circuit decision.[1] This court, however, recently distanced itself from the reasoning of that circuit, holding that when a federal criminal defendant files a timely certiorari petition on direct appeal, and the Supreme Court denies the petition, the federal judgment of conviction becomes "final" under § 2255 on the date of the Supreme Court's denial. United States v. Thomas, 203 F.3d 350, 354-55 (5th Cir. 2000). Thomas carefully avoids the precise issue in this case -- the "finality" date of a conviction when no petition for certiorari has been filed -- but its disagreement with Gendron is unmistakable. Thomas also cites approvingly decisions of the Third and Tenth Circuits that "a conviction becomes final when a defendant's options for further direct review are foreclosed," whether or not those options have been pursued. Id. at 352; see, e.g., Kapral v. United States, 166

---

[1] See Gendron v. United States, 154 F.3d 672, 674 (7th Cir. 1998), cert. denied, 119 S.Ct. 1758 (1999).

F.3d 565, 571 (3d Cir. 1999); <u>Rhine v. Boone</u>, 182 F.3d 1153, 1155 (10th Cir. 1999), <u>cert. denied</u>, 120 S.Ct. 808 (2000).

Fidelity to the reasoning of <u>Thomas</u> and to the developing majority rule compel us to conclude that Gamble's petition was timely. It was filed within a year after the ninety-day period for seeking certiorari review of his conviction as finalized in this court.[2]

The judgment of dismissal is therefore **REVERSED**, and the case is **REMANDED** to the district court for evaluation on the merits.

---

[2] The United States contends that Gamble's time limit should have elapsed because he could not seek certiorari from a dismissal for want of prosecution by this court. Alternatively, the government asserts that Gamble's petition fails on the merits. We have no jurisdiction to review the latter argument, <u>Sonnier v. Johnson</u>, 161 F.3d 941, 945-46 (5th Cir. 1998), and we are unpersuaded by the former.