IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-10843
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

RAY CHARLES FIELDS, also
known as RC, also known as
Big Daddy,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC Nos. 3:98-CV-2022-P & 3:93-CR-166-P
_____

September 29, 2000

Before JOLLY, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Ray Charles Fields, federal prisoner # 24508-077, appeals from

the district court's dismissal of his 28 U.S.C. § 2255 motion as

time-barred by the AEDPA's one-year statute of limitations.  A

section 2255 movant has one year from the date on which the

judgment of conviction becomes final to file a motion to vacate his

sentence.   § 2255.   A federal judgment of conviction becomes

"final" for purposes of § 2255 on the date on which the Supreme

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Court denies a petition for certiorari. See United States v. Thomas, 203 F.3d 350, 354-55 (5th Cir. 2000). Thus, the one-year statute of limitations began running in Fields's case on October 7, 1996, the date on which the Supreme Court denied his request for certiorari, and expired on October 6, 1997. See Fields v. United States, 519 U.S. 807 (1996). Fields's § 2255 motion, filed on August 26, 1998, was filed more than one year after his conviction became final, and it was therefore time-barred.

The district court's entry of an amended judgment on August 27, 1998, pursuant to Fields's motion, is irrelevant to the determination of when Fields's conviction became final for purposes of the AEDPA's time bar. Fields's motion, submitted pursuant to both Fed. R. Civ. P. 60(b) and 28 U.S.C. § 1651, was not properly brought in the district court pursuant to either. The Federal Rules of Civil Procedure govern the procedure in the United States district courts in suits of a civil nature. See Fed. R. Civ. P. 1, 81; United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999). "Federal Rule of Civil Procedure 60(b), therefore, simply does not provide for relief from a judgment in a criminal case." O'Keefe, 169 F.3d at 289. Additionally, § 1651(a) is used to collaterally attack sentences under 28 U.S.C. §§ 2241 and 2255 "when the petitioner has completed his sentence and is no longer in custody." United States v. Dyer, 136 F.3d 417, 422 (5th Cir. 1998). Fields

2

was not entitled to an amended criminal judgment under § 1651 because he remains in custody and has not served his sentence.  <u>See id.</u>

Fields's § 2255 motion was time-barred by the AEDPA's one-year statute of limitations.  The district court's judgment dismissing his motion on this basis is

A F F I R M E D.