**Mefail CELIKOSKI, Petitioner,**
**Appellant,**

v.

**UNITED STATES, Respondent,**
**Appellee.**

**No. 99–2277.**

United States Court of Appeals,
First Circuit.

Oct. 25, 2001.

---

* Of the Eastern District of Virginia, sitting by    designation.

Mefail Celikoski, on brief, pro se.

Margaret E. Curran, United States Attorney, Donald C. Lockhart and Zechariah Chafee, Assistant United States Attorneys, on brief, for appellee.

Before TORRUELLA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and LIPEZ, Circuit Judge.

PER CURIAM.

*Pro se* prisoner Mefail Celikoski appeals an order by which the district court *sua sponte* dismissed his 28 U.S.C. § 2255 motion as barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996). Although the government did not raise the limitations issue in its response to Celikoski's motion, the district court determined that the motion was untimely under 28 U.S.C. § 2255, ¶ 6(1) because Celikoski filed it more than one year after either of the two possible dates on which his federal conviction became final.[1] The court then issued a certificate of appealability (COA) on the question of whether the AEDPA's one-year statute of limitations bars Celikoski's § 2255 petition. *See Celikoski v. United States,* 114 F.Supp.2d 42, 46 (D.R.I.2000).

■ We need not decide whether the AEDPA's statute of limitations may be subject to equitable tolling because we substantially agree with the district court's conclusion that equitable tolling is not proper here. "[E]quitable tolling is normally appropriate only when [extraordinary] circumstances beyond a litigant's control have prevented him from filing on time." *See Delaney v. Matesanz,* 264 F.3d 7, 15 (1st Cir.2001) (citations omitted). This means that the petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of the filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir.2000). We accept for present purposes Celikoski's contention that neither his prior defense attorney nor this court notified him when this court issued the September 10, 1996 order that affirmed his conviction and that these constitute "extraordinary circumstances."[2] Even so, Celikoski's equitable tolling claim fails because he has not shown that these circumstances sufficed to prevent him from filing his § 2255 motion within the AEDPA's limitation period.

■ Celikoski acknowledges that he learned of the September 10, 1996 order affirming his conviction when he received this court's August 29, 1997 order denying his motion to reopen his direct appeal. On August 29, 1997, Celikoski, therefore, still had at least 1–3 months to file a timely § 2255 motion (depending on which date is used to determine when his judgment of conviction became final).[3] This case is

---

1. Celikoski did not file a petition for certiorari with the United States Supreme Court. Accordingly, his federal judgment of conviction became final either on December 10, 1996, the date that the 90–day period in which Celikoski could have petitioned for certiorari expired, *see, e.g., United States v. Garcia,* 210 F.3d 1058, 1060 (9th Cir.2000); *United States v. Gamble,* 208 F.3d 536, 537 (5th Cir.2000); *United States v. Burch,* 202 F.3d 1274, 1276 (10th Cir.2000) *Kapral v. United States,* 166 F.3d 565, 570 (3d Cir.1999)(holding conviction becomes final when the time for seeking certiorari expires), or on October 2, 1996, the date that mandate issued, *see United States v. Torres,* 211 F.3d 836, 837 (4th Cir.2000); *Gendron v. United States,* 154 F.3d 672, 674 (7th Cir.1998)(holding conviction becomes fi-

nal when mandate issues). We need not decide precisely when Celikoski's conviction became final because it is undisputed that he did not file his 28 U.S.C. § 2255 motion until July, 1998—more than a year after either of these dates.

2. We note that the September 10, 1996 order, which is part of the record in Celikoski's underlying criminal case, lists the wrong parties as the recipients at the very bottom of page 2.

3. Celikoski does not suggest that the transmission and his receipt of our August 29, 1997 order was delayed in any way.

thus distinguishable from *Baskin v. United States*, 998 F.Supp. 188 (D.Conn.1998), where the district court equitably tolled the limitations period because the petitioner's counsel failed to notify the petitioner that the Supreme Court had denied certiorari, thus triggering the limitations period, until *after* the statute of limitations had expired. Baskin had had no opportunity after learning the necessary facts to file a timely § 2255 motion. In contrast, Celikoski had a 1–3 month window of opportunity. Moreover, he had an added inducement to file a § 2255 motion, for both the government's opposition to his motion to file his supplemental brief and this court's August 29, 1997 order identified 28 U.S.C. § 2255 as a possible avenue of relief. Yet Celikoski waited eleven months to submit his 28 U.S.C. § 2255 motion, during which the limitations period expired. This lack of diligence is alone sufficient to defeat Celikoski's equitable tolling claim. *See, e.g., Jobe v. INS*, 238 F.3d 96, 99 (1st Cir.2001) (en banc) (" '[E]quitable tolling is unavailable where a party fails to exercise due diligence.' ") (citation omitted); *Plowden v. Romine*, 78 F.Supp.2d 115, 119 (E.D.N.Y.1999) (denying equitable tolling where, *inter alia*, habeas petitioner had allowed two week window in which he

could have filed a timely habeas petition to lapse).[4]

Celikoski also argues that the district court erred by dismissing his § 2255 motion without first giving him notice and an opportunity to respond to the limitations issue. He urges us to remand for further factual development of his equitable tolling claim. We agree that, as a general rule, courts should give habeas petitioners advance notice and an opportunity to respond to a statute of limitations defense *before* dismissing a case *sua sponte*. *See, e.g., Herbst v. Cook*, 260 F.3d 1039, 1043–44 (9th Cir.2001); *Acosta v. Artuz*, 221 F.3d 117, 119 (2d Cir.2000). Thus, "unless it is unmistakably clear from the facts alleged in the petition, considering all the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factor relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing prior notice and an opportunity to be heard." *Artuz*, 221 F.3d at 124–25 (citation omitted). The same principle applies to § 2255 motions.

But Celikoski has alleged no facts in either his motion for a COA or the two briefs that he has filed in connection with the instant appeal that further his claim

---

4. The district court also found that Celikoski had not diligently prosecuted his direct appeal because he had no right to rely on his defense counsel to keep him informed about the status of his appeal after defense counsel filed his motion to withdraw. While for other reasons Celikoski was not diligent in prosecuting his prior appeal, the district court was incorrect in stating that Celikoski had the "sole responsibility to stay informed regarding the status of his appeal" after his attorney moved to withdraw. *See* Local Rule 46.4 (1996) ("An attorney who has represented a defendant in a criminal case in the district court will be responsible for representing a defendant on appeal, whether or not the attorney has entered an appearance in the

Court of Appeals, until the attorney is relieved of such duty by the court...."). We add that Celikoski's failure to file his supplemental brief after obtaining an extension in which to do so, and his apparent failure to contact this court or his counsel to ascertain the status of his appeal after filing his motion for a briefing extension, do show a lack of due diligence. And, as said, Celikoski's failure to file a timely § 2255 motion while he still had the time to do so is by itself enough to defeat Celikoski's equitable tolling claim. Disregard, even if resulting from ignorance, of the AEDPA deadline will not support equitable relief, even if the petitioner is a *pro se* prisoner. *See Delaney*, slip op. at 17 (citations omitted).

for equitable tolling. To the contrary, he has submitted letters which support his claim that attorney Roy failed to inform him of this court's September 10, 1996 order, and letters which support his claim that he filed his *pro se* brief in his direct criminal appeal as soon as possible after receiving notice from an Indiana University Law School student that she could not identify any non-frivolous issues. And he contends—for the first time—that attorney Roy never served him with his motion to withdraw.[5] We have considered all of these arguments notwithstanding the government's claim that Celikoski waived them by not raising them below. They add nothing to Celikoski's equitable tolling claim. Celikoski's 11–month delay in filing his § 2255 motion after he admittedly received notice of this court's order affirming his conviction evinces a lack of diligence that is fatal to Celikoski's claim for equitable relief. We see no reason to remand to develop facts that will add nothing to Celikoski's position. *Cf. Street v. Vose*, 936 F.2d 38, 39–41 & n. 5 (1st Cir.1991) (per curiam) (affirming *sua sponte* dismissal of 42 U.S.C. § 1983 complaint as barred by the statute of limitations despite district court's failure to give plaintiff advance notice and an opportunity to respond to this defense, where arguments petitioner advanced on appeal did not support any claim for tolling).[6]

To sum up, we reject Celikoski's contentions that the AEDPA's limitations period should be equitably tolled on the facts he has proffered here and that a remand is necessary to further develop these facts. We also reject Celikoski's contention that the government has waived the limitations defense by not raising it in its answer. The government might yet have raised it in a motion for summary judgment, and in view of our full consideration of the arguments that Celikoski makes on appeal, we do not think that Celikoski was prejudiced by the district court's raising of the limitations issue *sua sponte*. But as the dismissal of a first habeas petition is a "particularly serious matter," *Lonchar v. Thomas*, 517 U.S. 314, 324, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996), we emphasize that district courts should not dismiss 28 U.S.C. §§ 2254 and 2255 motions for untimeliness without providing prior notice and an opportunity to be heard.

*Affirmed. See* Local Rule 27(c).

---

5. This allegation is conclusively refuted by the record in Celikoski's prior criminal appeal. Not only did attorney Roy certify that he advised Celikoski of his motion to withdraw, but Celikoski acknowledged his receipt of same in his motion for a briefing extension.

6. We note that Celikoski's motion for a COA, liberally construed, suggests that he might be entitled to *statutory* tolling of the limitation period under 28 U.S.C. § 2255, ¶ 6(2)(providing that the limitations period may run from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action"). Celikoski has not argued this point on appeal, so it at least arguably is waived. In any event, we think any claim for statutory tolling must also fail. Assuming that this court's failure to send Celikoski notice of the September 10, 1996 order constituted an "impediment" to the filing of his § 2255 motion, the record in Celikoski's prior appeal shows that this impediment was removed in May, 1997, when the government served Celikoski with its opposition to his motion to file his supplemental brief, which both included and described this court's September 10, 1996 order. Thus, even if the statute of limitations did not start to run until May, 1997, Celikoski's July, 1998 § 2255 motion is still too late.