IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20939
Summary Calendar
_____

WILLIAM DEAN CRUTCHER,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

August 28, 2002

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:

William Dean Crutcher, Texas prisoner # 780331, appeals from the dismissal, as time-barred, of his 28 U.S.C. § 2254 application. A certificate of appealability (COA) was granted on the issue of whether the district court erred in holding that Federal Rule of Civil Procedure 6(e) does not apply to the calculation of the one-year limitations period under 28 U.S.C. § 2244(d).

Crutcher was convicted in Texas state court, and, after his state court appeals were denied, he filed a petition for writ of certiorari to the United States Supreme Court. The Supreme Court

denied his petition on April 19, 1999.[1]   On April 19, 2000, Crutcher filed a state court habeas application.  The Texas Court of Criminal Appeals denied his application on December 6, 2000. Crutcher filed his instant 28 U.S.C. § 2254 application in federal court on December 11, 2000.

Rule 6(e) adds three days to the prescribed period "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B), (C), or (D)."[2] Crutcher first argues that this provision is applicable to the "front end" of his limitations period with respect to the Supreme Court's mailed notification of the denial of his petition for writ of certiorari.  He contends that 28 U.S.C. § 2244(d)(1)(A) is ambiguous because it does not make explicit reference to a decision date or filing date as the triggering event for the statute of limitations.[3]

---

[1]  *Crutcher v. Tex.*, 526 U.S. 1074 (1999).

[2]  FED. R. CIV. P. 6(e).

[3]  28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an

2

We conclude that Rule 6(e) does not apply to the calculation of the one-year limitations period under 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations on habeas applications begins to run under 28 U.S.C. § 2244(d)(1)(A) when the judgment of conviction becomes final, which, in the case of a petitioner who has filed a timely petition for writ of certiorari to the Supreme Court, occurs "when the Supreme Court denies the petition for writ of certiorari."[4] In view of our binding holdings in this regard, we cannot agree that Rule 6(e) is applicable simply because notification of the denial is provided by mail. For purposes of the applicability of Rule 6(e), "the fact that notice is to be served by mail is not dispositive," but, rather, "[t]he correct

application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[4] *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002) (per curiam) (applying the rule to 28 U.S.C. § 2244(d)(1)(A) on a state prisoner's petition); *see also United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000) (applying the rule to 28 U.S.C. § 2255(1) on a federal prisoner's petition).

3

inquiry is whether the required actions must be performed within a prescribed period of *filing* or of *service*" and, "[i]f the act is to be taken after filing, the time for action begins to run from that date."[5]

28 U.S.C. § 2244(d)(1)(A) looks to when a judgment becomes final, not when the petitioner becomes aware that the judgment is final.[6] In the context of judgments of conviction for which a petition for writ of certiorari to the Supreme Court is filed, we look to when the Supreme Court denied the petition, which occurs on the date the order denying the petition is issued, *i.e.*, filed, by the Clerk of the Supreme Court, not when notification of this order is mailed to or received by the petitioner.[7] Rule 6(e) therefore does not apply to the statute of limitations period under 28 U.S.C. § 2244(d)(1)(A) because "'Rule 6(e) does not apply to time periods that begin with the filing in court of a judgment or an order.'"[8]

---

[5] *Lauzon v. Strachan Shipping Co.*, 782 F.2d 1217, 1220 (5th Cir. 1985); *accord Hong v. Smith*, 129 F.3d 824, 824-25 (5th Cir. 1997).

[6] *See Giesberg*, 288 F.3d at 270 (holding that "the key to" 28 U.S.C. § 2244(d)(1)(A) "is the finality of the underlying judgment"). *See generally Lookingbill v. Cockrell*, 293 F.3d 256, 262 (5th Cir. 2002) ("Federal courts interpret the federal time period as running from the event described rather than from receipt of notice.") (citing *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 467 (5th Cir. 1998); *Lauzon*, 782 F.2d at 1220).

[7] *See Giesberg*, 288 F.3d at 271; *Thomas*, 203 F.3d at 355-56.

[8] *Halicki*, 151 F.3d at 468 (quoting 1 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 6.05[3], at 6-35 (3d ed. 1998)).

4

Crutcher also argues that Rule 6(e) is applicable to the "back end" of his limitations period because the Texas Court of Criminal Appeals did not postmark the notification of its denial of Crutcher's state habeas application until two days after the judgment was issued. We are unable to perceive how the Texas court's alleged delay in postmarking the denial implicates the applicability of Rule 6(e), but, in any event, we find no merit in Crutcher's argument insofar as he is arguing that Rule 6(e) should apply to extend the period for tolling under 28 U.S.C. § 2244(d)(2).[9] To the extent that Crutcher argues for the applicability of Federal Rule of Civil Procedure 6(a) or for equitable tolling, his arguments cannot be considered as these issues are not within the scope of the COA granted by this court, which is limited to the question of whether Rule 6(e) applies.[10]

We conclude that Rule 6(e) does not apply to the 28 U.S.C. § 2244(d)(1)(A) limitations period. Accordingly, the judgment of the district court is AFFIRMED.

---

[9] *See Phillips v. Donnelly*, 216 F.3d 508, 511 & n.3 (5th Cir.) (per curiam) (holding that, under 28 U.S.C. § 2244(d)(2), a state habeas petition is not "pending," and thus statutory tolling does not apply, between the date of the state court's denial of the petition and the date of the prisoner's receipt of notice of the denial), *reh'g granted in part on other grounds*, 223 F.3d 797 (5th Cir. 2000).

[10] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that "COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone").