IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21087
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LELAND EARL WILLIAMS,
also known as Robert Randle,
also known as Tee Lee,
also known as Timothy Houston,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-1-CV-2758
H-95-CR-303-4
--------------------
December 5, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:*

    Leland Earl Williams, federal prisoner #10623-077, seeks a

certificate of appealability (COA) to appeal the dismissal of his

28 U.S.C. § 2255 motion as time-barred in which he challenged his

drug possession and drug conspiracy convictions.  In his 28

U.S.C. § 2255 motion, Williams argued that trial and appellate

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

counsel were ineffective for a variety of reasons. The district court summarily dismissed the motion.

On limited remand from this court, the district court judge determined that Williams' 28 U.S.C. § 2255 motion was time-barred because there is a split in the circuits regarding whether a conviction is final at the expiration of the ninety-day period for seeking a writ of certiorari in the United States Supreme Court. The district court's finding that Williams' 28 U.S.C. § 2255 motion was time-barred is erroneous because this circuit has previously determined that a conviction becomes final when the ninety-day period for seeking writ of certiorari expires. See United States v. Gamble, 208 F. 3d 536, 537 (5th Cir. 2000); see also Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986)(capital habeas case)(holding that this court must follow circuit precedent even when the Supreme Court grants writ of certiorari on an issue, unless the Supreme Court says otherwise).

Because the district court's dismissal of Williams' 28 U.S.C. § 2255 motion as time-barred was erroneous, a COA is GRANTED on this issue. The district court's denial of 28 U.S.C. § 2255 relief on the basis of the motion being time-barred is VACATED, and the case is REMANDED for a determination regarding the merits of Williams' 28 U.S.C. § 2255 motion.

COA GRANTED; VACATED AND REMANDED