# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41516

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER LOZANO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CV-24

Before JOLLY, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Javier Lozano pleaded guilty to possession of child pornography pursuant to a plea agreement. He was sentenced to 135 months in prison and 25 years of supervised release. As special conditions of his supervised release—of which he was first informed at sentencing after he entered his guilty plea—Lozano must obtain written permission from his probation officer before he (1) has "contact with any minor children under the age of eighteen"

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or (2) accesses any Internet service or possesses "interactive Internet capable software."

In his plea agreement, Lozano waived his right to appeal or challenge his conviction or sentence in post-conviction proceedings. Lozano filed a timely 28 U.S.C. § 2255 petition challenging, *inter alia*, the special conditions of his supervised release. Lozano contends that he was not properly notified of these onerous conditions and that he would not have entered into his plea agreement had he known they would be imposed. The district court dismissed Lozano's petition, finding that it was barred by the appeal waiver. A judge of this court found that a portion of Lozano's petition was not barred by the appeal waiver because it concerned the validity of the plea agreement, and the judge granted a Certificate of Appealability (COA) on whether Lozano received insufficient notice of either special condition of supervised release and whether the validity of the plea was affected by any lack of proper notice.[1]

A district court may impose special conditions of supervised release if they are reasonably related to the following statutory factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need to afford adequate deterrence to criminal conduct, (3) the need to protect the public from further crimes of the defendant, and (4) the need to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.

*United States v. Paul*, 274 F.3d 155, 164-65 (5th Cir. 2001) (cleaned up); *see* 18 U.S.C. § 3583(d); 18 U.S.C. § 3553(a)(1)-(2). Additionally, "supervised release conditions cannot involve a greater deprivation of liberty than is reasonably

---

[1] *See United States v. Lozano*, No. 16-41516, slip op. at 2 (5th Cir. Sept. 1, 2017). Lozano raised other claims in his petition for a COA. However, a judge of this court granted a COA only "on whether Lozano received insufficient notice of either special condition of supervised release, and whether the validity of the plea was affected by any lack of proper notice," *id.* at 3, and therefore our review is limited thereto. *See Crutcher v. Cockrell*, 301 F.3d 656, 658 & n.10 (5th Cir. 2002).

necessary to achieve the latter three statutory goals." *Paul*, 274 F.3d at 165; *see* § 3583(d)(2).

Along with other circuits, we have declined to uphold an absolute lifetime ban on computer Internet access because it imposes "a greater deprivation than reasonably necessary." *See United States v. Duke*, 788 F.3d 392, 399-403 (5th Cir. 2015); *see also United States v. Heckman*, 592 F.3d 400, 409 (3d Cir. 2010); *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003). In *United States v. Duke*, we reasoned that an absolute lifetime ban "would completely preclude [the defendant] from meaningfully participating in modern society for the rest of his life." *Duke*, 788 F.3d at 400. We note that the restriction imposed on Lozano is in effect a lifetime ban—Lozano will likely be in his 90s when his supervised release ends. However, we have previously approved a restriction similar to Lozano's where Internet use was conditioned on "probation officer or court approval." *Id.* at 399 (citing *United States v. Ellis*, 720 F.3d 220, 224-25 (5th Cir. 2013) (upholding lifetime ban on access to "a computer or internet connection device including, but not limited to Xbox, PlayStation, Nintendo, or similar device without permission of the court")); *see United States v. Miller*, 665 F.3d 114, 127 (5th Cir. 2011) (upholding a 25-year ban on the use of a computer, "phone or any other electronic device that allows access to the internet" as not "absolute" because the restriction was conditioned on probation officer approval).[2] Lozano's effective lifetime Internet ban falls

---

[2] Other circuits have questioned the propriety of providing probation officers with discretion to authorize exceptions to an otherwise absolute Internet ban. *See United States v. Scott*, 316 F.3d 733, 736 (7th Cir. 2003) ("Courts should do what they can to eliminate open-ended delegations, which create opportunities for arbitrary action—opportunities that are especially worrisome when the subject concerns what people may read. Is the probation officer to become a censor who determines that Scott may read the *New York Times* online, but not the version of *Ulysses* at Bibliomania.com?"); *United States v. LaCoste*, 821 F.3d 1187, 1192 (9th Cir. 2016) (finding that where "a total ban on Internet access cannot be justified . . . a proviso for probation-officer approval does not cure the problem" because "transferring open-ended discretion to the probation officer to authorize needed exceptions is not a

into this category, as he may seek probation-officer approval to access the Internet. When access is conditioned on probation officer approval, however, restrictions may still be unreasonably restrictive where they require the defendant to "request permission every time he needs to use a computer, or every time he needs to access the Internet." *United States v. Sealed Juvenile*, 781 F.3d 747, 756 (5th Cir. 2015); *see also United States v. Melton*, No. 17-40374, 2018 WL 5116557, at *5 (5th Cir. Oct. 19, 2018) ("[A]n otherwise permissible condition limiting Internet access can be unreasonably restrictive if" it requires "a separate pre-use approval by [the defendant's] probation officer every single time he accesses the Internet.").

The resolution of Lozano's appeal, however, turns not on the onerous nature of the conditions imposed, but on his *notice* of such conditions. The special conditions of supervised release that the district court imposed on Lozano are part of his sentence. *See United States v. Higgins*, 739 F.3d 733, 738 (5th Cir. 2014) ("[T]he term 'sentence' unambiguously includes [supervised release] and its conditions as a matter of law."). Because Lozano waived his right to collaterally attack his sentence, any challenge to the terms of supervised release is barred by a valid appeal waiver. *See United States v. Crain*, 877 F.3d 637, 650 (5th Cir. 2017). To bring his claim, then, Lozano must overcome the appeal waiver; and to overcome the appeal waiver, Lozano must prove not that the conditions are unreasonable, but that he was entitled to *notice* of the conditions before he entered his plea—either from the court or his attorney—and that because such notice was not provided, his plea was unknowing or involuntary.

---

permissible alternative" to drafting a narrower restriction); *but see United States v. Love*, 593 F.3d 1, 12 (D.C. Cir. 2010) ("A broad Internet prohibition, which the Probation Office will tailor to the technology in use at the time of [the defendant's] release, is an appropriate way to deal with [the] uncertainty [of what technologies may be available upon the defendant's release].").

Appeal waivers are invalid unless they are voluntary and knowing. *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992); *see also Brady v. United States*, 397 U.S. 742, 748 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.") "For a waiver of appeal to be knowing and voluntary, a defendant must know that he had a right to appeal his sentence, that he was giving up that right, and the consequences of giving it up." *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014). Additionally, "an ineffective assistance of counsel argument survives a waiver of appeal . . . when the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

This court, along with other circuits, has previously held that defendants are sometimes entitled to pre-sentencing notice that the district court is considering certain special conditions. *See United States v. Coenen*, 135 F.3d 938, 943 (5th Cir. 1998) (holding that some conditions of supervised release related to sex-offender notification may require pre-sentencing notice under Federal Rule of Criminal Procedure 32); *United States v. Paul*, 274 F.3d 155, 172 (5th Cir. 2011) (acknowledging *Coenen* as good law but recognizing it may be abrogated to the extent that certain conditions of supervised release are mandatory); *United States v. Bartsma*, 198 F.3d 1191, 1199 (10th Cir. 1999), *overruled on other grounds by United States v. Atencio*, 476 F.3d 1099 (10th Cir. 2007) (citing *Coenen* and requiring notice at sentencing "before the district court imposed the special condition ordering [the defendant] to register as a sex offender"); *United States v. Wise*, 391 F.3d 1027, 1032-33 (9th Cir. 2004) (requiring notice at sentencing before the imposition of a special condition that effectively required defendant to relinquish custody of her children); *United*

*States v. Scott*, 316 F.3d 733, 735-36 (7th Cir. 2003) (requiring notice at sentencing before the imposition of "out of the ordinary, and thus unexpected" special conditions). Whether a defendant is entitled to pre-plea (as opposed to pre-sentencing) notice of such conditions is unclear. *See United States v. Ybarra*, 289 F. App'x 726, 734 (5th Cir. 2008) (noting that it is unclear "even whether there is a notice requirement at all for any conditions in the context of supervised release"), *quoted in United States v. Weatherton*, 567 F.3d 149, 155-56 (5th Cir. 2009).

Similarly undecided is whether counsel—as opposed to the court—must notify a defendant before he pleads guilty of special conditions that the court might impose. *See Crain*, 877 F.3d at 647-49; *see also Libretti v. United States*, 516 U.S. 29, 50-51 (1995) (describing the court's responsibility as providing "specific advice" about the "small class of rights" under Rule 11, while counsel has a broader responsibility "to inform a defendant of the advantages and disadvantages of a plea agreement and the attendant statutory and constitutional rights that a guilty plea would forgo"). The Supreme Court held in *Padilla v. Kentucky* that an attorney's failure to inform a criminal defendant that his guilty plea carries a risk of deportation may constitute ineffective assistance of counsel. 559 U.S. 356, 374 (2010). This court has discussed but not decided whether attorneys are similarly required to notify defendants of the possibility of the "harsh penalty" of a lifetime computer ban before the defendant enters a guilty plea. *See Crain*, 877 F.3d at 647-49.

However, we need not decide whether Lozano was entitled to notice of the special conditions before he pleaded guilty—either from the court or his attorney—because Lozano has not shown that he was prejudiced by any deficiency. Insofar as Lozano is challenging the district court's failure to notify him of the terms of supervised release, that challenge is reviewed for plain

error because he did not object at his rearraignment to a lack of notice or Rule 11 error.  *See id.* at 643.  To establish plain error, Lozano must show (1) error, (2) that was "clear or obvious, rather than subject to reasonable dispute"; (3) that affected his substantial rights; and (4) that seriously affects "the fairness, integrity[,] or public reputation of judicial proceedings."  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  To prove the third prong—that the alleged error affected his substantial rights—Lozano "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 81-83 (2004); *see also United States v. Oliver*, 630 F.3d 397, 412 (5th Cir. 2011).  Similarly, insofar as Lozano is challenging his attorney's failure to notify him of the special conditions, he must meet the two-prong *Strickland* standard, proving (1) that counsel's performance was deficient; and (2) the deficiency prejudiced him.  *See Strickland v. Washington,* 466 U.S. 668, 687 (1984).  When alleging that an attorney's deficiency rendered a plea unknowing, *Strickland*'s prejudice prong requires the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Therefore, to prevail under either theory, Lozano must prove that the lack of notice prejudiced him, i.e., that had he been informed that the special conditions might be imposed, he would not have pleaded guilty and would have insisted on going to trial.  *See Dominguez Benitez*, 542 U.S. at 81-83; *Hill*, 474 U.S. at 59.  The Supreme Court has advised that "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded" but "should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."  *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).  The government points out that Lozano did not

express any concern when the special conditions were orally announced, nor did he seek to withdraw his guilty plea or challenge the conditions on direct appeal. Additionally, the government argues that the evidence against Lozano was strong, and he received substantial benefits by pleading guilty.[3] We agree. Because Lozano has failed to show contemporaneous evidence to substantiate his claim that he would not have pleaded guilty had he known of the possibility that the special conditions would be imposed, he has failed to show that any lack of notice affected his substantial rights. Therefore, the judgment of the district court is AFFIRMED.

---

[3] As a result of his guilty plea, Lozano obtained dismissal of one of the charges against him. He also received a three-level reduction in his offense level for acceptance of responsibility, and the government filed a motion for a three-level downward departure pursuant to U.S.S.G. § 5K1.1 because Lozano's cooperation led to a guilty plea by the client from whom Lozano had first obtained child pornography. The court issued an additional one-level reduction based on defense counsel's argument at sentencing. Lozano's initial offense level was 37, and his guideline range was 210-240 months. After reductions, his offense level was 33, and his guideline range was 135-168 months.