REVISED, OCTOBER 3, 2000

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 99-30564

DERRICK JONES,

Petitioner-Appellant,

versus

BURL CAIN, Warden,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

September 6, 2000

Before POLITZ, EMILIO M. GARZA, and DENNIS, Circuit Judges.

POLITZ, Circuit Judge:

Upon reconsideration, we withdraw our previous opinion in this matter, reported at 218 F.3d 469, and substitute the following.

## BACKGROUND

Derrick Jones appeals the rejection of his 28 U.S.C. § 2254 petition in which

he claimed ineffective assistance of counsel in his state court trial. Jones was convicted by a jury of two counts of armed robbery. He was acquitted of one count each of armed robbery, attempted armed robbery, and attempted murder. His convictions and sentences were affirmed on appeal.[1]

Jones contends that he was denied effective assistance of counsel because his attorney failed to impeach prosecution witnesses with prior inconsistent statements, failed to cross-examine the victim of one of the robberies, and ignored his desire to testify. The trial court denied the requested habeas relief and granted a certificate of appealability.

## ANALYSIS

In its grant of a COA herein the district court opted to use broad, general language which effectively permits Jones to raise all three of the claims of ineffective assistance of counsel he advanced in the trial court. It would be more consistent with the directives of 28 U.S.C. § 2253(c)(3) if such broad, general language were eschewed and, in lieu thereof, the district court specifically listed the issue or issues for which the ineffective assistance of counsel COA was

---

[1]**State v. Jones**, 657 So.2d 792 (La. App. 1995) (table).

granted.[2]  Such may easily and readily be done, and should be done.

To prevail on a habeas complaint of ineffective assistance of counsel a complainant must demonstrate that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense.[3]  A defendant is prejudiced if there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different.[4]  To make that determination we must examine the proceedings as a whole, giving due consideration to the weight of the evidence supporting the verdict and evaluating the alleged failings of counsel in that total setting.[5]  We do not assess any alleged error in isolation. Factual determinations of the district court are reviewed for clear error.[6]  Questions of law and mixed questions of law and fact are reviewed *de novo*.[7]

In an examination of state proceedings under 28 U.S.C. § 2254 we will not

---

[2]**Lackey v. Johnson**, 116 F.3d 149 (5th Cir. 1997).  Section 2253(c)(3) states, "The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

[3]**Strickland v. Washington**, 466 U.S. 668 (1984).

[4]**Id.** at 694.

[5]**Moore v. Johnson,** 194 F.3d 586 (5th Cir. 1999).

[6]**Guerra v. Johnson**, 90 F.3d 1075 (5th Cir. 1996).

[7]**Boyd v. Scott**, 45 F.3d 876 (5th Cir. 1994).

3

reject an adjudication on the merits unless the action by the state court is found to be contrary to, or an unreasonable application of, clearly established federal law, or the state court's determination of the facts is manifestly unreasonable in light of the evidence.[8] Our review of the record persuades beyond peradventure that Jones' allegations of counsel's ineffectiveness do not meet the mandated test. The alleged discrepancies between the testimony of witnesses and data in the police report approach inanity.[9] And the decision not to place Jones on the stand in light of his prior criminal history is a judgment call of trial counsel which seldom, if ever, will support a challenge of ineffective assistance of counsel.[10]

The judgment appealed is AFFIRMED.

---

[8]**Drinkard v. Johnson**, 97 F.3d 751 (5th Cir. 1996).

[9]For example, the police report records that $440 was taken in one of the robberies. The victim testified that the amount was $480. The police report listed two potential witnesses as cousins. They were actually uncle and nephew. The police report noted two perpetrators about 5'10" tall, and made no mention of scars or deformities. Jones describes himself as 5'6" tall with two facial scars and an amputated finger.

[10]**Robison v. Johnson,** 151 F.3d 256 (5th Cir. 1998).