BLD-176                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1067
_____

GARY RHINES,
Appellant

v.

WARDEN B. A. BLEDSOE;
PHYSICIAN ASST. LOUIS RAMIREZ;
STEVE BROWN, Health Services Administrator;
TROY WILLIAMSON, Former Warden

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-00643)
District Judge: Honorable William J. Nealon

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 22, 2010

Before: McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges

(Filed  July 27, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Gary Rhines, a federal prisoner formerly confined in the United States

Penitentiary, Lewisburg ("USP-Lewisburg"), Pennsylvania, appeals pro se from the District Court's entry of judgment in favor of defendants. Because we conclude that this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6

I.

Rhines filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), in the District Court against the Warden and other prison officials. He claims that they were deliberately indifferent in their medical treatment and care of a knee injury he sustained while incarcerated at USP-Lewisburg. He seeks compensatory and punitive damages and declaratory relief.

Rhines reported to sick call in May 2007 after injuring his knee while playing basketball. Defendant Louis Ramirez examined his knee, provided treatment, and ordered an x-ray. After filing an administrative remedy, Rhines received the x-ray in early July 2007. He saw Ramirez again in late July 2007, complaining that his knee pain and swelling continued. Ramirez found no swelling and found normal movement and continued Rhines on medication for his strain. Thereafter, defendant Warden Williamson responded to the administrative remedy, noting that Rhines had received the x-ray and was continuing to receive medical treatment, and declined to intervene.

In early August 2007, Rhines filed an administrative appeal, complaining that his x-ray had been delayed one month and requesting an MRI. The regional director noted

that Rhines had been treated and that an MRI was not indicated, and denied the appeal. In October 2007, Rhines filed an appeal to the Bureau of Prisons ("BOP") central office, complaining of the care he had received and requesting an MRI. While his appeal was pending, Rhines was examined in October 2007 and the need for an MRI was noted. The central office denied his appeal in late November 2007. Rhines received an MRI in March 2008, and underwent surgery in August 2008 to repair a torn medial meniscus. He was returned to USP-Lewisburg with a thirty-day convalescent status and was authorized to use the gym for self-therapy for six months.

Rhines filed the complaint in April 2009, arguing that defendants are liable to him for delaying the proper diagnostic test, emotional distress, negligence, reckless disregard or deliberate indifference to his welfare, malfeasance, malice, racial discrimination, inadequate medical care, and cruel and unusual punishment. Defendants filed a motion to dismiss, or, in the alternative, for summary judgment. The District Court granted the motion and entered judgment in favor of defendants. Rhines filed a timely notice of appeal.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing a District Court's grant of summary judgment, we apply the same test the District Court applied. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-moving party

3

and drawing all inferences in that party's favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 232; Fed. R. Civ. P. 56(c). The party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading," but "must set forth specific facts showing that there is a genuine issue for trial." Saldana, 260 F.3d at 232 (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)).

## III.

Rhines argues that defendants' acts and omissions during the course of treatment for his injury constituted deliberate indifference, from which he suffered pain and emotional distress. In order to state a claim under the Eighth Amendment for denial of medical care, Rhines must show that defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825, 834-35 (1994). Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05. A claim that a doctor or medical department was negligent does not state a claim for medical mistreatment under the Eighth Amendment. Id. at 106. A medical need is serious if it "has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

4

Rhines' claims against defendants are based on his belief that he should have been treated in a more timely manner and through the immediate use of an MRI. The record shows that Rhines was afforded continual medical care for his knee injury, and that prison staff treated and evaluated him on each visit. Therefore, we agree with the District Court that Rhines cannot show defendants possessed the requisite mental state necessary to prove an Eighth Amendment violation.

Moreover, Rhines' disagreement about his course of treatment, namely, that an MRI should have been immediately ordered, does not demonstrate the defendants were deliberately indifferent to his medical needs. Mere disagreement as to the proper medical treatment will not support a claim under the Eighth Amendment. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (citations omitted). Accordingly, summary judgment was properly entered in favor of defendants.

In addition, the District Court properly denied the claims against defendants Warden Bledsoe and former Warden Williamson, because they are premised on a theory of respondeat superior. Neither defendant–aside from Williamson's denial of Rhines' administrative remedy in 2007–was personally involved in his medical care or treatment, and thus neither can be liable for an alleged civil rights violation. See Rode v.

5

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Finally, to the extent Rhines challenges the District Court's denial of his motion for counsel, we conclude that the District Court did not abuse its discretion. An indigent plaintiff seeking the appointment of counsel must present a claim having "some merit in fact and law." Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Rhines' claims lack merit for the reasons already discussed.

For the foregoing reasons, we conclude that this appeal presents no substantial question. See I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's order.