**Humberto Leal GARCIA, Jr., Petitioner,**

v.

**Rick THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent.**

**Civil No. SA–07–CA–214–OG.**

United States District Court,
W.D. Texas,
San Antonio Division.

June 21, 2011.

Mark Stevens, Attorney at Law, San Antonio, TX, Morris H. Moon, Moon Law Firm, P.L.L.C., Houston, TX, for Petitioner.

Stephen M. Hoffman, Office of the Attorney General, Austin, TX, for Respondent.

### ORDER DENYING RULE 60(b) MOTION, MOTION FOR STAY, ETC.

ORLANDO L. GARCIA, District Judge.

The matters before this Court are (1) petitioner's motion for stay of execution, filed June 16, 2011, docket entry no. 20, (2) petitioner's motion to reopen judgment pursuant to Rule 60(b), Fed.R.Civ.P., filed June 16, 2011, docket entry no. 21, (3) petitioner's motion for leave to proceed *in forma pauperis*, filed June 16, 2011, docket entry no. 22, and (4) petitioner's unopposed motion to consolidate cases, also filed June 16, 2011, docket entry no. 23. For the reasons set forth in detail below, petitioner is not entitled to any relief from this Court in cause *at this time.*

### Background

Petitioner Humberto Leal Garcia, Jr. was convicted under the name Humberto Leal, Jr. in July, 1995 in Bexar County, Texas of the brutal capital murder of Adria Sauceda and, based upon the jury's answers to the Texas capital sentencing special issues, sentenced to death.[1] In an unpublished opinion issued February 4, 1998, the Texas Court of Criminal Appeals affirmed petitioner's conviction and sentence. *Leal v. State*, No. 72,210 (Tex. Crim.App. February 4, 1998), *cert. denied*, 525 U.S. 1148, 119 S.Ct. 1046, 143 L.Ed.2d 53 (1999). Petitioner filed an application

---

1. The horrific details of petitioner's capital offense are set forth in Judge Furgeson's unpublished opinion for this Court found at *Leal v. Dretke*, 2004 WL 2603736 (W.D.Tex. October 20, 2004), *CoA denied*, 428 F.3d 543 (5th Cir.2005), *cert. denied*, 547 U.S. 1073, 126 S.Ct. 1771, 164 L.Ed.2d 522 (2006).

for state habeas corpus relief which the Texas Court of Criminal Appeals likewise denied. *Ex parte Humberto Leal, Jr.,* App. No. 41,743–01 (Tex.Crim.App. October 20, 1999).

Petitioner thereafter sought federal habeas corpus relief. Writing for this Court, District Judge Royal Furgeson denied on the merits petitioner's first federal habeas corpus petition (filed under the name Humberto Leal, Jr. in cause no. SA–99–CA–1301–RF) challenging his capital murder conviction and death sentence. *Leal v. Dretke,* 2004 WL 2603736 (W.D.Tex. October 20, 2004), *CoA denied,* 428 F.3d 543 (5th Cir.2005), *cert. denied,* 547 U.S. 1073, 126 S.Ct. 1771, 164 L.Ed.2d 522 (2006).

Under the name Humberto Leal Garcia, in December, 2007, petitioner filed this, his second, action pursuant to Section 2254 of Title 28, United States Code, challenging his July, 1995 Bexar County capital murder conviction and sentence of death. Once again writing for this Court, District Judge Royal Furgeson (1) dismissed without prejudice petitioner's federal habeas corpus petition herein as a successive petition (instructing petitioner to seek permission for the filing of same from the Fifth Circuit in conformity with 28 U.S.C. § 2244(b)(3)) but (2) alternatively, reached the merits of petitioner's Vienna Convention claim and determined the acknowledged violation of petitioner's right under the Vienna Convention to consular notification following petitioner's arrest had not caused petitioner "actual prejudice" within the meaning of the March 31, 2004 decision by the International Court of Justice at the Hague (henceforth "ICJ") in the case of *Avena and Other Mexican Nationals* (henceforth *"Avena"*), and (3) granted a CoA with regard to both the procedural issue of whether petitioner's petition was "successive" within the meaning of Section 2244 and the substantive issue of whether petitioner had sustained "actual prejudice" within the meaning of the ICJ's *Avena* decision. *Leal v. Quarterman,* 2007 WL 4521519, *8–*25 (W.D.Tex. December 17, 2007).

Petitioner appealed. In an opinion originally issued June 15, 2009 [*Leal Garcia v. Quarterman,* 2009 WL 1658029 (5th Cir. June 15, 2009)], and then re-issued on June 24, 2009, the Fifth Circuit (1) concluded Judge Furgeson erroneously determined petitioner's federal habeas corpus petition herein was a "successive" petition within the meaning of Section 2244 and erroneously dismissed same without prejudice, (2) nonetheless vacated Judge Furgeson's findings of fact and conclusions of law denying petitioner's Vienna Convention/*Avena* claim on the merits (i.e., this Court's conclusion that petitioner's claims did not warrant federal habeas corpus relief), and (3) modified the judgment of dismissal herein to make same *with* prejudice, based upon the Supreme Court's intervening opinion in *Medellin v. Texas,* 552 U.S. 491, 128 S.Ct. 1346, 170 L.Ed.2d 190 (2008).[2] *Leal Garcia v. Quarterman,* 573 F.3d 214, 224–25 (5th Cir.2009). Petitioner did not thereafter seek review of the Fifth Circuit's ruling from the United States Supreme Court via petition for writ of certiorari.

---

**2.** In *Medellin v. Texas,* the Supreme Court concluded the ICJ's *Avena* judgment was not automatically binding domestic law but declined to determine whether Article 36 of the Vienna Convention itself granted foreign citizens individually enforceable rights. *Medellin v. Texas,* 552 U.S. 491, 506 & n. 4, 128 S.Ct. 1346, 1357 & n. 4, 170 L.Ed.2d 190 (2008). Instead, in *Medellin,* the Supreme Court assumed without deciding, as it had in *Sanchez–Llamas v. Oregon,* 548 U.S. 331, 342–43, 126 S.Ct. 2669, 2677–78, 165 L.Ed.2d 557 (2006), that Article 36 did grant foreign citizens such individual rights. *Medellin v. Texas,* 552 U.S. at 506 n. 4, 128 S.Ct. at 1357 n. 4.

*Petitioner's Motion for Leave to Proceed In Forma Pauperis*

 Insofar as petitioner requests leave to proceed *in forma pauperis* ("IFP") in connection with his Rule 60(b) motion, that request is *non sequitur*. There is no filing fee required for the filing of a Rule 60(b) motion. Moreover, even if this Court were to construe petitioner's Rule 60(b) motion as some sort of successive federal habeas corpus petition, petitioner's affidavit attached to his IFP motion indicates petitioner currently has more than sixty dollars with which to pay the five dollar filing fee associated with a new federal habeas corpus action. Thus, petitioner has more than sufficient financial resources with which to pay the filing fee for a new federal habeas corpus action. This Court will dismiss petitioner's request for leave to proceed IFP in connection with his Rule 60(b) motion.

*Petitioner's Rule 60(b) Motion*

Rule 60(b), Federal Rules of Civil Procedure, provides as follows:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

 "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances, including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 2645, 162 L.Ed.2d 480 (2005). The only provision within Rule 60(b) specifically identified by petitioner in support of his motions filed June 16, 2011 is Rule 60(b)(6).[3] Nothing in petitioner's recent flurry of motions suggests he is relying on any of Rule 60(b)'s remaining provisions (i.e., in Rule 60(b)(1)-(5)) to support his request for relief from the judgment herein. Relief is available under Rule 60(b)(6) only upon a showing of "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez v. Crosby*, 545 U.S. at 535, 125 S.Ct. at 2649.

 Rule 60(b)(6) applies to federal habeas corpus actions brought pursuant to Section 2254 only to the extent it is not inconsistent with applicable federal statutory provisions and rules. *Gonzalez v. Crosby*, 545 U.S. at 529, 125 S.Ct. at 2646. This includes the AEDPA's amendments

---

**3.** Motion to Reopen Judgment Pursuant to Federal Rule of Civil Procedure 60(b), filed June 16, 2011, docket entry no. 21 (henceforth "Rule 60(b) Motion"), at p. 6. The Supreme Court opinions relied upon by petitioner in support of his Rule 60(b) motion also support this conclusion because they all addressed similar motions filed pursuant to Rule 60(b)(6)'s broad terms. *See, e.g., Gonzalez v.* *Crosby*, 545 U.S. at 536, 125 S.Ct. at 2650 (relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances"); *Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949)(the "other reason" clause "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice").

to federal habeas statutes imposing requirements on second or successive federal habeas corpus petitions. *See Gonzalez v. Crosby,* 545 U.S. at 530–36, 125 S.Ct. at 2646–2650 (analyzing the impact of Section 2244(b) on the availability of relief from a final judgment under Rule 60(b) in a federal habeas context); *Ruiz v. Quarterman,* 504 F.3d 523, 526 (5th Cir.2007)(recognizing Rule 60(b) is available in habeas corpus proceedings but only in conformity with the AEDPA, including its limits on successive federal habeas petitions).

 Consistent with the Supreme Court's analysis of the interaction between Rule 60(b) and Section 2244(b) found in *Gonzalez v. Crosby, supra,* a Rule 60(b) motion in which a petitioner contends a subsequent change in substantive law "is a reason justifying relief" from the previous denial of a claim is, in substance, a successive habeas corpus petition and should be treated accordingly. *Gonzalez v. Crosby,* 545 U.S. at 531, 125 S.Ct. at 2647. "[A] Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Gonzalez v. Crosby,* 545 U.S. at 531–32, 125 S.Ct. at 2647–48.

As was explained above, Judge Furgeson issued both a procedural ruling and, in the alternative, a substantive ruling in this cause. Judge Furgeson concluded, in part, petitioner's federal habeas corpus petition herein constituted a second or successive petition for which petitioner was required to first seek permission from the Fifth Circuit. *Leal v. Quarterman,* 2007 WL 4521519, at *4–*7. In conjunction with his analysis of the procedural posture of petitioner's *Avena*/Vienna Conviction claim, Judge Furgeson also determined as follows:

> As of March 31, 2004, petitioner possessed a legal right under the plain language of the ICJ's decision in *Avena* to have a court of competent jurisdiction in this nation determine, pursuant to the ICJ's opinion in *Avena,* whether petitioner's sustained "actual prejudice" in connection with either his conviction or sentence as a result of the violation of petitioner's rights under Article 36 of the Vienna Convention. Nothing in the President's memorandum of February 28, 2005 either added to or diminished petitioner's rights under the ICJ's judgment in *Avena.*[4]

*Leal v. Quarterman,* 2007 WL 4521519, *7. Judge Furgeson next concluded, as the Supreme Court later also concluded in *Medellin v. Texas,* 552 U.S. 491, 525–32, 128 S.Ct. 1346, 1368–72, 170 L.Ed.2d 190 (2008), the Presidential memorandum issued February 28, 2005 neither added to nor diminished petitioner's rights under the ICJ's *Avena* decision. *Leal v. Quarterman,* 2007 WL 4521519, *7.

In his alternative substantive ruling, Judge Furgeson carefully reviewed the ICJ's *Avena* decision, analyzed the evidence presented during petitioner's trial and state habeas corpus proceeding (which Judge Furgeson and his staff spent years reviewing and analyzing in connection with petitioner's first federal habeas corpus proceeding in this Court), and concluded petitioner had not sustained "actual prejudice" within the meaning of the ICJ's *Avena* decision by virtue of the undisputed

---

4. Necessarily implicit in this aspect of Judge Furgeson's holding were conclusions that (1) Article 36 of the Vienna Convention created individually enforceable rights available to petitioner and other foreign citizens arrested within the united States and (2) Title 28 U.S.C. Section 2254 afforded a means to vindicate those rights.

violation of petitioner's Vienna Convention right to timely consular notification of petitioner's arrest and timely notice to petitioner of his right to seek assistance from Mexican consulate officials. *Leal v. Quarterman,* 2007 WL 4521519, *7–*22. Acknowledging the less than clear case law in this Circuit existing at that time regarding the scope of Section 2244 within the context of a Rule 60(b) motion and the lack of guidance from other federal courts on the precise parameters of the right Judge Furgeson felt existed by virtue of the ICJ's *Avena* decision, he granted a CoA on both his procedural and substantive rulings. *Id.,* *22–*25.

On appeal, the Fifth Circuit reversed Judge Furgeson's procedural ruling, concluding petitioner's federal habeas corpus petition herein was not a "second or successive" petition within the meaning of Section 2244. The Fifth Circuit then vacated that portion of Judge Furgeson's findings of fact and conclusions of law addressing the merits of petitioner's *Avena*/Vienna Convention claim, citing a prior Fifth Circuit opinion which rejected the argument that the ICJ's *Avena* decision created any individually enforceable rights recognizable in state or federal court. *Leal Garcia v. Quarterman,* 573 F.3d at 218 n. 19 (5th Cir.2009) (*citing Medellin v. Dretke,* 371 F.3d 270, 280 (5th Cir.), *cert. denied,* 543 U.S. 1032, 125 S.Ct. 686, 160 L.Ed.2d 518 (2004)).

Finally, the Fifth Circuit modified this Court's dismissal of this cause without prejudice, citing the Supreme Court's holding in *Medellin v. Texas, supra. See Leal Garcia v. Quarterman,* 573 F.3d at 224–25 (*citing Medellin v. Texas,* 552 U.S. 491, 511, 128 S.Ct. 1346, 1360, 170 L.Ed.2d 190 (2008) ("The ICJ Statute, incorporated into the U.N. Charter, provides further evidence that the ICJ's judgment in *Avena* does not automatically constitute federal law judicially enforceable in United States courts.")). Instead, the Fifth Circuit dismissed petitioner's *Avena*/Vienna Convention claim herein *with* prejudice. *Leal Garcia v. Quarterman,* 573 F.3d at 224–25. In so doing, the Fifth Circuit effectively vacated this Court's dismissal of this cause without prejudice and issued its own judgment rendering a final decision *on the merits* of petitioner's *Avena*/Vienna Convention claim, denying same. *See Haywood v. Drown,* 556 U.S. 729, ——, 129 S.Ct. 2108, 2130, 173 L.Ed.2d 920 (2009) (dismissal of a Section 1983 "with prejudice" was a decision "on the merits"); *Green Tree Financial Corp.-Alabama v. Randolph,* 531 U.S. 79, 86, 121 S.Ct. 513, 520–21, 148 L.Ed.2d 373 (2000) (district court order dismissing claims "with prejudice" disposed of entire case "on the merits"); *Blanchard 1986, Ltd. v. Park Plantation, LLC,* 553 F.3d 405, 409 n. 15 (5th Cir.2008) (dismissals for lack of jurisdiction are not considered adjudications on the merits but dismissals with prejudice for failure to state a claim are decisions on the merits).

In his Rule 60(b) motion petitioner purports to challenge this Court's "erroneous" ruling dismissing his federal habeas corpus petition herein as a "second or successive" petition within the meaning of Section 2244(b)(3)(A).[5] The logical and legal problem with this contention is the portion of Judge Furgeson's original ruling dismissing petitioner's federal habeas corpus petition herein without prejudice for want of jurisdiction (premised upon petitioner's failure to comply with Section 2244(b)(3)(A)) was reversed and vacated by the Fifth Circuit's opinion and entry of a new judgment of dismissal with prejudice. Thus, the portion of Judge Furgeson's original ruling petitioner purports to challenge in his Rule 60(b) motion no longer

---

5. Rule 60(b) Motion, at p. 5.

exists. The Fifth Circuit reversed and vacated Judge Furgeson's procedural ruling. *Leal Garcia v. Quarterman*, 573 F.3d at 224–25.

Insofar as petitioner seeks to rely upon the Fifth Circuit's holding in *Ruiz v. Quarterman, supra*, in support of his Rule 60(b) motion, that effort misconstrues the procedural history of the *Ruiz* case. In *Ruiz*, the undersigned issued a Memorandum Opinion and Order denying Ruiz's first petition for federal habeas corpus relief on the merits. *Ruiz v. Dretke*, 2005 WL 2146119 (W.D.Tex. August 29, 2005), *affirmed sub nom. Ruiz v. Quarterman*, 460 F.3d 638 (5th Cir.2006), *cert. denied*, 549 U.S. 1283, 127 S.Ct. 1815, 167 L.Ed.2d 326 (2007). In the course of this Court's opinion denying relief on the merits, this Court concluded petitioner had procedurally defaulted on a trio of then-unexhausted ineffective assistance claims. *Ruiz v. Dretke*, 2005 WL 2146119, *9–*16. This Court concluded that, under the applicable Texas writ-abuse statute, Ruiz would be precluded from obtaining a review "on the merits" of his then-unexhausted ineffective assistance claims. *Id.* The Fifth Circuit subsequently agreed with this Court's conclusion of procedural default and denied Ruiz's request for a CoA relating to his procedurally defaulted ineffective assistance claims. *Ruiz v. Quarterman*, 460 F.3d at 642–45.

Thereafter, Ruiz returned to state court, "fairly presented" his previously unexhausted ineffective assistance claims, and obtained a ruling from the Texas Court of Criminal Appeals which the Fifth Circuit concluded rested not on Ruiz's abuse of the writ but, rather, the merits of Ruiz's ineffective assistance claims. *See Rocha v. Thaler*, 626 F.3d 815, 824–25 (5th Cir.2010) (discussing the "unique procedural posture" in which Ruiz's case reached that appellate court), *cert. petition filed March 17, 2011, no. 10–9659*. Ruiz then filed a motion for relief from judgment pursuant to Rule 60(b) in this Court, arguing he had obtained a ruling on the merits of his ineffective assistance claims (in contradiction of this Court's prediction) and was, therefore, entitled to federal habeas review on the merits of his now-exhausted ineffective assistance claims. This Court denied Ruiz's Rule 60(b) motion, concluding the Texas Court of Criminal Appeals had, in fact, dismissed on state procedural grounds Ruiz's second state habeas corpus application without reaching the merits of his ineffective assistance claims. *Ruiz v. Quarterman*, 2007 WL 2437401, *4 (W.D.Tex. July 10, 2007). The Fifth Circuit disagreed, concluding the Texas Court of Criminal Appeals had not dismissed Ruiz's ineffective assistance claims based upon an independent and adequate state law ground, reversed this Court's denial of Ruiz's Rule 60(b) motion, and remanded for a ruling on the merits of Ruiz's ineffective assistance claims. *Ruiz v. Quarterman*, 504 F.3d 523, 527–28 (5th Cir.2007).

Petitioner herein *successfully* challenged Judge Furgeson's procedural ruling on direct appeal from this Court's dismissal of petitioner's federal habeas corpus petition herein. In *Ruiz*, the Fifth Circuit initially upheld (by denying CoA on direct appeal) this Court's ruling dismissing Ruiz's ineffective assistance claims as procedurally defaulted. In contrast, petitioner herein gained full relief with regard to Judge Furgeson's adverse procedural ruling when the Fifth Circuit struck down Judge Furgeson's procedural ruling and issued its own judgment dismissing petitioner's *Avena*/Vienna Convention claim with prejudice. Thus, insofar as petitioner seeks to challenge Judge Furgeson's procedural ruling regarding the application of Section 2244(b) to petitioner's federal habeas petition herein, there is no adverse procedural ruling left for petitioner herein to chal-

lenge before this Court in a Rule 60(b) motion.

Moreover, following this Court and the Fifth Circuit's dismissal of Ruiz's unexhausted ineffective assistance claims herein on procedural default grounds, Ruiz returned to state court and obtained a ruling "on the merits" from the Texas Court of Criminal Appeals on his previously unexhausted ineffective assistance claims. Only then did Ruiz return to this Court and seek relief pursuant to Rule 60(b). Petitioner herein does not allege he has sought state habeas relief in connection with his *Avena*/Vienna Convention claim since the date of Judge Furgeson's dismissal of same pursuant to Section 2244(b).

Given the Supreme Court's ruling in *Medellin v. Texas,* 552 U.S. at 508–14, 128 S.Ct. at 1358–61 (interpreting the Vienna Convention and other international agreements underlying the ICJ's *Avena* decision as not providing for implementation of ICJ judgments through direct enforcement in United States domestic courts), and the Texas Court of Criminal Appeals' ruling in *Ex parte Medellin,* 223 S.W.3d 315, 330–32 (Tex.Crim.App.2006)(holding ICJ decisions are not binding on United States courts), *affirmed,* 552 U.S. 491, 128 S.Ct. 1346, 170 L.Ed.2d 190 (2008), it is doubtful there is any state or federal judicial forum currently available in which petitioner could obtain a ruling on the merits of his *Avena*/Vienna Convention claim. Even more significant is the fact the Fifth Circuit's dismissal *with prejudice* of petitioner's petition effectively determined petitioner's rights under the *Avena* decision and the Vienna Convention "on the merits."

Judge Furgeson's procedural ruling did not preclude petitioner from obtaining a ruling "on the merits" of his *Avena*/Vienna Convention claim from the Fifth Circuit. The only judgment left for petitioner to challenge in this cause in a Rule 60(b) motion is the Fifth Circuit's judgment denying relief "on the merits" of his *Avena*/Vienna Convention claim. The Fifth Circuit's judgment denied petitioner relief "on the merits" of petitioner's *Avena*/Vienna Convention claim.

■ In his Rule 60(b) motion herein, petitioner argues the recent filing of a piece of proposed legislation in the United States Senate constitutes a subsequent change in substantive law justifying relief from the previous denial of his *Avena*/Vienna Convention claim. Such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas corpus petition. *Gonzalez v. Crosby,* 545 U.S. at 531, 125 S.Ct. at 2647.

Likewise, insofar as petitioner seeks to challenge (albeit under a completely different set of factual allegations than those reviewed by Judge Furgeson) the outcome of this cause on direct appeal (i.e., the denial "on the merits" of his *Avena*/Vienna Convention claim), his Rule 60(b) motion must be treated as a successive habeas petition. *See Gonzalez v. Crosby,* 545 U.S. at 534, 125 S.Ct. at 2649 ("a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition."); *Balentine v. Thaler,* 626 F.3d 842, 846 (5th Cir.2010)("A Rule 60(b) motion should be denied if it challenges on the merits an earlier denial of habeas relief."), *cert. denied,* —— U.S. ——, 131 S.Ct. 2992, 180 L.Ed.2d 824, 2011 WL 1156549 (June 13, 2011).

Petitioner does not allege that he has sought or obtained permission from the Fifth Circuit for the filing of his Rule 60(b) motion (which under the facts of petitioner's case must be treated as a successive federal habeas petition). Therefore, petitioner is not entitled to any relief pursuant to Rule 60(b). *See Balentine v. Thaler,* 626 F.3d at 846 (to succeed on a Rule 60(b)

motion, petitioner must not be challenging a prior merits-based ruling). Petitioner's Rule 60(b) motion must be dismissed by this Court without prejudice for lack of jurisdiction pursuant to Section 2244(b)(3). *Burton v. Stewart,* 549 U.S. 147, 157, 127 S.Ct. 793, 799, 166 L.Ed.2d 628 (2007).

***Petition's Motion for Stay of Execution***

■■■■ For the reasons set forth above, petitioner obtained a ruling "on the merits" of his *Avena*/Vienna Convention claim from the Fifth Circuit in 2009 and petitioner's recent Rule 60(b) motion must be treated as a successive federal habeas petition. "A stay of execution pending disposition of a second or successive federal habeas petition should be granted only when there are 'substantial grounds upon which relief might be granted.'" *Delo v. Stokes,* 495 U.S. 320, 321, 110 S.Ct. 1880, 1881, 109 L.Ed.2d 325 (1990). It is an abuse of discretion to grant a stay, even when there was good cause for a failure to raise a claim previously, when an unexhausted claim is plainly meritless. *Rhines v. Weber,* 544 U.S. 269, 277, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005); *Neville v. Dretke,* 423 F.3d 474, 479 (5th Cir.2005).

As explained above, the Supreme Court's holding in *Medellin v. Texas,* 552 U.S. at 508–14, 128 S.Ct. at 1358–61 (interpreting the Vienna Convention and other international agreements underlying the ICJ's *Avena* decision as not providing for implementation of ICJ judgments through direct enforcement in United States domestic courts), is still the law of the land and forecloses federal habeas review of petitioner's *Avena*/Vienna Convention claim. Likewise, the Texas Court of Criminal Appeals' opinion in *Ex parte Medellin,* 223 S.W.3d at 330–32 (holding ICJ decisions are not binding on United States

courts), remains the governing law in Texas. Absent the *passage of actual legislation* by the Congress or the Texas Legislature, or a ruling by the Supreme Court recognizing the existence of individually enforceable rights created by Article 36 of the Vienna Convention, petitioner remains without a forum in which to re-litigate his newly re-cast *Avena*/Vienna Convention claims.[6] Petitioner's new *Avena*/Vienna Convention claim is plainly meritless because the Fifth Circuit's opinion dismissing petitioner's 2007 version of the same claim was "with prejudice" and the condition precedent to petitioner obtaining review of his *Avena*/Vienna Convention claim, i.e., the passage of new law expressly permitting the type of review and reconsideration petitioner seeks, has not yet come to pass.

■■■■ The filing of proposed legislation which might one day afford petitioner a remedy in the state or federal courts does not, standing alone, justify a stay of execution under such circumstances. *See Medellin v. Texas,* 554 U.S. 759, 760, 129 S.Ct. 360, 361, 171 L.Ed.2d 833 (2008) (citing the failure of the President or State of Texas to represent the existence of a likelihood of congressional or state legislative action and the inability of Congress to move beyond bare introduction of a bill implementing the United States' Vienna Convention treaty obligations recognized in *Avena* in the months since the Supreme Court's March, 2008 decision in *Medellin v. Texas, supra,* as justifications for denying Medellin a stay of execution). Petitioner's assertions herein concerning the likelihood of passage of the "Consular Notification Compliance Act" are supported by little more than highly speculative predictions from a variety of political science profes-

---

**6.** The facts offered by petitioner in support of his latest *Avena*/Vienna Convention claim, found in petitioner's recently filed federal habeas corpus petition in cause no. SA–11–CA–

482–OG, differ considerably from the facts petitioner presented to Judge Furgeson in his 2007 federal habeas corpus petition in this cause.

sors and a handful of hopeful executive branch and congressional officers.

The procedural problems confronting foreign citizens attempting to assert their right to consular notification under Article 36 of the Vienna Convention are not of recent vintage. In this Circuit alone, both before and after the ICJ's *Avena* decision, foreign citizens have faced a daunting array of procedural hurdles and substantive rulings preventing them from obtaining relief following violations of their consular notification rights under Article 36 of the Vienna Convention. *See, e.g., Gomez v. Quarterman*, 529 F.3d 322, 327–30 (5th Cir.) (denying CoA on a Vienna Convention claim requesting suppression of evidence after discussing at length the Supreme Court's Vienna Convention jurisprudence), *cert. denied*, —— U.S. ——, 129 S.Ct. 628, 172 L.Ed.2d 618 (2008); *Medellin v. Dretke*, 371 F.3d 270, 279–80 (5th Cir.2004) (applying procedural default principles to prevent merits review of a Vienna Convention claim and, alternatively, concluding the Vienna Convention does not create any individually enforceable rights), *cert. dism'd*, 544 U.S. 660, 125 S.Ct. 2088, 161 L.Ed.2d 982 (2005); *United States v. Jimenez–Nava*, 243 F.3d 192, 195–98 (5th Cir.) (holding Article 36 of the Vienna Convention does not create any individually enforceable rights), *cert. denied*, 533 U.S. 962, 121 S.Ct. 2620, 150 L.Ed.2d 773 (2001); *Flores v. Johnson*, 210 F.3d 456, 458 (5th Cir.)(holding *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) foreclosed adoption of a rule excluding evidence secured by police in violation of a defendant's right to consular notification under Article 36), *cert. denied*, 531 U.S. 987, 121 S.Ct. 445, 148 L.Ed.2d 449 (2000); *Faulder v. Johnson*, 81 F.3d 515, 520 (5th Cir.) (holding violation of a criminal defendant's consular notification rights under the Vienna Convention was harmless error), *cert. denied*, 519 U.S. 995, 117 S.Ct. 487, 136 L.Ed.2d 380 (1996). Thus, Congress has been on notice for more than a decade that foreign citizens who have attempted to assert their rights under Article of the Vienna Convention in this Circuit have confronted barriers to assertion of their consular notification rights as well substantive rulings denying the existence of those very same rights.

Several years before the ICJ issued its *Avena* decision, the Supreme Court concluded "absent a clear and express statement to the contrary, the procedural rules of the forum State govern the implementation of the treaty in that State." *Breard v. Greene*, 523 U.S. 371, 375, 118 S.Ct. 1352, 1354, 140 L.Ed.2d 529 (1998). In *Breard*, the Supreme Court held a criminal defendant had procedurally defaulted on his Vienna Convention claim by failing to assert same in an appropriate manner in the state courts. *Breard v. Greene*, 523 U.S. at 375–76, 118 S.Ct. at 1355.

Subsequent to the ICJ's decision in *Avena*, the Supreme Court concluded in *Sanchez–Llamas v. Oregon*, 548 U.S. 331, 343–50, 126 S.Ct. 2669, 2678–82, 165 L.Ed.2d 557 (2006), that, even assuming the existence of individually enforceable rights to consular notification arising from Article 36, the exclusionary rule does not apply to violations of the Vienna Convention. Moreover, the Supreme Court also held state procedural default principles could be applied to Article 36 claims: "We therefore conclude, as we did in *Breard*, that claims under Article 36 of the Vienna Convention may be subjected to the same procedural default rules that apply generally to other federal-law claims." *Sanchez–Llamas v. Oregon*, 548 U.S. at 360, 126 S.Ct. at 2687.

Thus, Congress has been on notice since long before the issuance of the ICJ's *Avena* decision of the procedural impediments,

as well as adverse substantive rulings, confronting foreign nationals who attempted to assert their rights under Article 36 of the Vienna Convention in the courts of this nation.

More than a decade has passed since the Supreme Court applied procedural default principles to a Vienna Convention claim in *Breard*. More than seven years have passed since the ICJ handed down its *Avena* decision. Almost five years have passed since the Supreme Court handed down its decision in *Sanchez–Llamas*, reaffirming its belief that state procedural default principles may permissibly trump any individual rights foreign citizens might posses under Article 36. More than three years have passed since the Supreme Court issued its opinion in *Medellin v. Texas, supra,* and, in the interim, apparently two attempts to get legislation through Congress to satisfy the Supreme Court's holding in that cause have proven unsuccessful. A third attempt is now underway but at this time has advanced only as far as the filing of more, proposed, legislation. Thus, no genuine progress appears to have been made toward the actual passage of new, ameliorative, legislation since the Supreme Court denied Jose Ernesto Medellin's request for a stay of his execution in March, 2008.

Under such circumstances, petitioner has failed to establish that "substantial grounds" exist upon which relief under Rule 60(b) may be granted herein. Petitioner is not entitled to a stay of execution in conjunction with his Rule 60(b) motion herein.

### Unopposed Motion to Consolidate

 The parties appear to agree this cause should be consolidated with petitioner's recently filed *third* petition for federal habeas corpus relief docketed as cause no. SA–11–CA–482–OG. However, as explained at length above, petitioner's Rule 60(b) motion herein must be treated as a successive federal habeas corpus petition and dismissed without prejudice based on petitioner's failure to obtain permission for the filing of same from the Fifth Circuit in accordance with Section 2244(b)(3).

Under such circumstances, consolidation would likely only further engender procedural confusion in what has already become one of the most procedurally convoluted and complex habeas corpus proceedings ever reviewed by the undersigned. Petitioner's entitlement to proceed with his claims herein pursuant to Rule 60(b) is separate and distinct, factually and legally, from the legal issues raised by petitioner's third federal habeas corpus petition currently pending as cause no. SA–11–CA–482–OG. The parties' motion to consolidate this cause with petitioner's third federal habeas corpus proceeding, i.e., SA–11–CA–482–OG, will be denied.

### Certificate of Appealability

 When a federal habeas petitioner's Rule 60(b)(6) motion is denied based upon the law applicable to such motions, it is clear in this Circuit a petitioner must first obtain a CoA before he can appeal that denial. *Hernandez v. Thaler,* 630 F.3d 420, 428 (5th Cir.2011). When a habeas petitioner's Rule 60(b) motion is dismissed without prejudice as a successive petition under Section 2244(b)(3), imposing a similar requirement is logical and consistent with the Supreme Court's treatment of such motions as successive federal habeas corpus petitions. *See Gonzalez v. Crosby,* 545 U.S. at 532, 125 S.Ct. at 2648 (a Rule 60(b) motion attacking a federal court's previous resolution of a claim on the merits "brings a claim" that is effectively indistinguishable from one alleging the movant is, under substantive law, entitled to federal habeas relief); *Hardemon v. Quarterman,* 516 F.3d 272, 274 (5th Cir.2008) (granting a CoA on the issue of whether a petition was successive); *Resen-*

*diz v. Quarterman,* 454 F.3d 456, 458 (5th Cir.) (holding a district court's dismissal of a motion raising a *Ford* claim regarding petitioner's competence to be executed as an unauthorized successive collateral attack constituted a final order within the scope of 28 U.S.C. § 2253(c) and, therefore, a CoA was required), *cert. denied,* 548 U.S. 922, 126 S.Ct. 2974, 165 L.Ed.2d 982 (2006).

■ The AEDPA converted the "certificate of probable cause" previously required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a "Certificate of Appealability" ("CoA"). *See Hill v. Johnson,* 114 F.3d 78, 80 (5th Cir.1997) (recognizing the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); *Muniz v. Johnson,* 114 F.3d 43, 45 (5th Cir.1997) (holding the standard for obtaining a CoA is the same as for a CPC). The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA. *Robison v. Johnson,* 151 F.3d 256, 259 n. 2 (5th Cir.1998), *cert. denied,* 526 U.S. 1100, 119 S.Ct. 1578, 143 L.Ed.2d 673 (1999); *Hallmark v. Johnson,* 118 F.3d 1073, 1076 (5th Cir.1997), *cert. denied sub nom. Monroe v. Johnson,* 523 U.S. 1041, 118 S.Ct. 1342, 140 L.Ed.2d 502 (1998).

■ Under the AEDPA, before a petitioner may appeal the denial of a habeas corpus petition filed under Section 2254, the petitioner must obtain a CoA. *Miller–El v. Cockrell,* 537 U.S. 322, 335–36, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); 28 U.S.C. § 2253(c)(2). Likewise, under the AEDPA, appellate review of a habeas petition is limited to the issues on which a CoA is granted. *See Larry v. Dretke,* 361 F.3d 890, 896 (5th Cir.) (recognizing CoA's are granted on an issue-by-issue basis),

*cert. denied,* 543 U.S. 893, 125 S.Ct. 141, 160 L.Ed.2d 157 (2004); *Crutcher v. Cockrell,* 301 F.3d 656, 658 n. 10 (5th Cir.2002) (holding a CoA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *Jones v. Cain,* 227 F.3d 228, 230 n. 2 (5th Cir.2000) (holding the same); *Lackey v. Johnson,* 116 F.3d 149, 151 (5th Cir.1997) (holding the scope of appellate review of denial of a habeas petition limited to the issues on which CoA has been granted). In other words, a CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone. *Larry v. Dretke,* 361 F.3d at 896; *Crutcher v. Cockrell,* 301 F.3d at 658 n. 10; *Lackey v. Johnson,* 116 F.3d at 151; *Hill v. Johnson,* 114 F.3d at 80; *Muniz v. Johnson,* 114 F.3d at 45; *Murphy v. Johnson,* 110 F.3d 10, 11 n. 1 (5th Cir.1997); 28 U.S.C. § 2253(c)(3).

■ A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke,* 542 U.S. 274, 282, 124 S.Ct. 2562, 2569, 159 L.Ed.2d 384 (2004); *Miller–El v. Cockrell,* 537 U.S. at 336, 123 S.Ct. at 1039; *Slack v. McDaniel,* 529 U.S. 473, 483, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983).

■ To make such a showing, the petitioner need *not* show he will prevail on the merits but, rather, must demonstrate that reasonable jurists could debate whether (or, for that matter, agree) the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard v. Dretke,* 542 U.S. at 282, 124 S.Ct. at 2569; *Miller–El v. Cockrell,* 537 U.S. at 336, 123 S.Ct. at 1039; *Slack v. McDaniel,* 529 U.S. at 484, 120 S.Ct. at 1604; *Barefoot v. Estelle,* 463 U.S. at 893 n. 4, 103 S.Ct. at 3394 n. 4. This

Court is required to issue or deny a CoA when it enters a final Order, such as this one, adverse to a federal habeas petitioner. *Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.*

▮▮▮▮ The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate reasonable jurists could find the court's assessment of the constitutional claim to be debatable or wrong. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell,* 537 U.S. at 338, 123 S.Ct. at 1040 (*quoting Slack v. McDaniel,* 529 U.S. at 484, 120 S.Ct. at 1604). *Accord Tennard v. Dretke,* 542 U.S. at 282, 124 S.Ct. at 2569. In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* whether this Court was correct in its procedural ruling. *See Slack v. McDaniel,* 529 U.S. at 484, 120 S.Ct. at 1604 (holding when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

▮▮▮▮ In death penalty cases, any doubt as to whether a CoA should issue must be resolved in the petitioner's favor. *Foster v. Quarterman,* 466 F.3d 359, 364 (5th Cir.2006); *Dickson v. Quarterman,* 462 F.3d 470, 476 (5th Cir.2006); *Pippin v. Dretke,* 434 F.3d 782, 787 (5th Cir.2005); *Bridgers v. Dretke,* 431 F.3d 853, 861 (5th Cir.2005), *cert. denied,* 548 U.S. 909, 126 S.Ct. 2961, 165 L.Ed.2d 959 (2006).

Nonetheless, a CoA is not automatically granted in every death penalty habeas case. *See Sonnier v. Quarterman,* 476 F.3d 349, 364–69 (5th Cir.2007) (denying CoA on a wide variety of challenges to the Texas capital sentencing scheme).

▮▮▮▮ Petitioner's claim herein does not satisfy the standard for obtaining a CoA. At petitioner's request, Judge Furgeson's procedural ruling dismissing petitioner's December, 2007 petition as successive under Section 2244(b)(3) was reversed and vacated by the Fifth Circuit. The Supreme Court's opinion in *Gonzalez v. Crosby, supra,* makes clear petitioner's Rule 60(b) motion challenging the validity of the only judgment remaining in this cause (i.e., the Fifth Circuit's June, 2009 ruling denying petitioner federal habeas relief "on the merits") must be treated as a successive federal habeas corpus petition. It is undisputed petitioner failed to obtain Fifth Circuit permission before filing his Rule 60(b) motion herein. None of the foregoing determinations are subject to disagreement among reasonable jurists. Nor has petitioner identified any arguable legal basis for challenging the foregoing determinations by this Court or showing any challenge to the foregoing determinations merits encouragement to proceed further.

Petitioner is not entitled to CoA on his claim herein nor on the issue of whether his Rule 60(b) motion must be dismissed as an unauthorized successive federal habeas corpus petition pursuant to Section 2244(b)(3).

Accordingly, it is hereby **ORDERED** that:

1. Petitioner's motion for stay of execution, filed June 16, 2011, docket entry no. 20, is **DENIED.**

2. Petitioner's Rule 60(b) motion to re-open, filed June 16, 2011, docket entry no. 21, is **DISMISSED WITHOUT PREJUDICE** as an unauthorized successive federal habeas corpus petition based on petitioner's failure to obtain permission for the filing of same from the Fifth Circuit pursuant to Title 28 U.S.C. § 2244(b)(3).

3. Petitioner's motion for leave to proceed *in forma pauperis,* filed June 16, 2011, docket entry no. 22, is **DISMISSED AS MOOT.**

4. Petitioner's unopposed motion to consolidate, filed June 16, 2011, docket entry no. 23, is **DENIED.**

5. Petitioner is **DENIED** a Certificate of Appealability on his claim herein.

6. All other pending motions are **DISMISSED** as moot.